## FEAR et al. v. DUNLAP.

Where a person, not a party, writes his name on the back of a negotiable promissory note, the law presumes that he is a strictly commercial indorser, even when his indorsement cannot be made operative without the name of another.

Such an indorsement on an instrument not negotiable creates no liability, without oral or written proof of an undertaking to be responsible for a valid consideration.

Such an indorser on any note incurs whatever liability he assumes, on sufficient consideration, and the holder may fill up the blank indorsement with the undertaking, and recover accordingly; and if he assumes the responsibility of guarantor, he is relieved from liability only to the extent of the injury he may prove for want of demand and notice. But under our statutes it is not necessary for a plaintiff to prove demand and notice, in order to recover in a suit against an indorser.

Where a person not a party to the note refused to assume the liability of a maker or surety, but merely to indorse, he will be considered a second indorser; and a recovery cannot be had against him in the name of the payee, on special counts as the maker, or as guarantor of the note, nor on the common counts. But if the payee had indorsed and put the note in circulation, a subsequent indorsee might recover against such party as second indorser, had the maker failed in payment.

ERROR, to Des Moines District Court.

An action of assumpsit on a promissory note, made by Abner Martin and J. L. Bradley, payable to Fear and Ralston, or order, and indorsed in blank by John S. Dunlap. The

suit was commenced against Dunlap alone, by a declaration containing six counts; the first charges Dunlap as maker; the second and third as guarantor; and the other three are for money had and received, an account stated, and for goods sold and delivered. The defendant demurred generally to the first three counts, and pleaded the general issue to the others. The demurrer was overruled, and on the trial it appears that the plaintiffs offered the note in evidence, under the first count of the declaration.

On objection by the defendant, the court decided that the note should not be read in evidence to the jury. The plaintiffs then wrote over the blank indorsement of the plaintiff the following guaranty: "In consideration of forbearance extended to the within Abner Martin and James L. Bradley, of the original consideration of this note, from the date for sixty days as therein mentioned, I guaranty the payment of the within note." The note was then given in evidence, and the plaintiffs proved declarations made by the defendant, tending to show that Martin and Bradley who signed the note, were indebted to the plaintiffs at the time the note was given, and that it was executed by them; that Dunlap indorsed it by way of security, and that the indebtedness was extended sixty days in consequence of the security. Demand and notice were not proved. The defendant proved that he refused to sign the note as security, and that he signed it as indorser only.

The court instructed the jury, that before the plaintiffs could recover on the note, they must prove a demand of the money due thereon from Martin and Bradley, and notice of non-payment to Dunlap, within a reasonable time after the maturity of the note. Verdict and judgment for the defendant.

*Hall* and *Mason*, for the plaintiffs, insisted that the defendant was liable on the evidence introduced by plaintiffs, as drawer of the note. *Nelson* v. *Dubois*, 13 John. 175; *White* v. *Howland*, 9 Mass. 314; *Moies* v. *Bird*, *ib.* 436; *Hunt* v. *Adams*, 5 *ib.* 358.

The court erred in instructing the jury that proof of a

Fear v. Dunlap.

demand of payment from Martin and Bradley, and of notice to Dunlap, was necessary to enable the plaintiffs to recover.

The evidence shows the character in which Dunlap signed the note—shows the consideration, and establishes the liability of defendant. No demand of Bradley and Martin was necessary; and if the defendant suffered for want of notice, the *onus* of proving that fact rests upon him. *Douglass* v. *Howland*, 24 Wend. 48, 52; *Dean* v. *Hall*, 17 ib. 214; 14 John. 349; *Upham* v. *Prince*, 12 Mass. 14; 3 Kent's Com. 50, 74; 4 Mass. 258; 8 ib. 258; 2 Scam. 325; 3 ib. 49, 491, 447; Chitty on Bills, 250; *Lee* v. *Dick*, 10 Peters, 496; *Miller* v. *Gaston*, 2 Hill, 188; *Reynolds* v. *Douglass*, 12 Peters, 497; *Rhett* v. *Poe*, 2 How. U. S. 458; *Gibbs* v. *Cannon*, 9 S. and R. 198.

*D. Rorer*, for the defendant. The bill of exceptions does not show that there was no, other evidence than that embodied in it. Therefore, if the *onus* did lie on us to prove solvency of the makers, or prejudice from want of demand and notice, as the law presumes every thing in favor of the charge below, the presumption is, that such proof was made, and has been so decided at this term.

The plaintiffs could not have recovered against us as indorser, for they declared as on a guaranty; nor could they on the common counts, as indorser, for they had filled it up as a guaranty before offering it under the counts subsequent to the first count; and when it was first offered and ruled out, that was under the first count, and while the indorsement remained blank; all which appears by the record.

The plaintiffs allege that as the guaranty, as filled up, shows a stipulation for further delay, or time, that is consideration enough. But in answer to this, the defendant refers to the evidence; and there is nothing in the record to show that there was any evidence to prove that defendant signed under any such stipulation, or with a knowledge of any such object.

As to our statute law of indorsers of a promissory note, it does not apply. That applies only to notes indorsed by the payee, and not to notes indorsed by a third person.

In the absence of all proof, the law renders defendant subject to be made liable as a second commercial indorser, and not otherwise. The proof let in shows that he did not intend to be liable, except as indorser. He refused to become a security. See 17 John. 326; 1 Spencer, 257; Story on Promissory Notes, 144, 566, 591, 598, §§ 134, 460, 476, 479.

*Opinion by* Hastings, C. J.   Without reciting the history of this case, we will proceed to assert principles which, when applied, will dispose of it.

1. That when the name of a third person, not a party to a negotiable promissory note, is written on the back thereof, the law presumes that he is a strictly commercial indorser; and the inference is so strong, that it will prevail even when his obligation as indorser cannot be made operative, without first obtaining the name of another to the paper. *Herrich* v. *Carman*, 12 John. 159; *Tillman* v. *Wheeler*, 17 ib. 326; *Crozer* v. *Chambers*, 1 Spencer, 256.

In the case of *Tillman* and *Wheeler*, the court decided that such is the legal presumption from the appearance of the paper without explanatory proof. See, also, *Hall* v. *Newcomb*, 3 Hill, 234, in which it is decided that such an indorser, not being privy to the consideration, will be considered a strictly commercial indorser.

2. That such an indorsement on a note not negotiable, or any other instrument of writing, (except on negotiable paper,) without proof oral or written, of an undertaking to be responsible in some manner for a good consideration, means nothing, and the indorser incurs no liability.

3. That such an indorser on paper not negotiable, or negotiable, incurs whatever liability he assumes; that of guarantor surety, original maker, or second indorser, if he so agree, and the consideration be sufficient, and that the holder has the

Fear *v.* Dunlap.

right to fill up the blank indorsement with the undertaking, and recover accordingly. *Nelson* v. *Dubois*, 13 John. 175; *Seabury* v. *Mungerford*, 2 Hill, 80; *ib.* 181.

4. If such an indorser assume the responsibility of guarantor, either on a note negotiable or not negotiable, he is not relieved from liabilities, unless he prove that, for want of demand and notice, he has been injured, and then will only be discharged in an amount equal to such injury. *Rhett* v. *Poe*, 2 How. 485.

5. Under our statutes it is not necessary for a plaintiff in a suit against an indorser to prove demand and notice, to entitle him to recover.

· If the above conclusions be correct, and they are deducible from the latest and ablest decisions, it necessarily follows that Dunlap could not be charged as a maker of the note in controversy, as is alleged in the first count of the declaration, nor in the character of a guarantor, as averred in the second count, without the evidence to make him incur such responsibilities. The cases cited making Dunlap responsible as a maker, because of his blank indorsement, by presumption of law, and authorizing the holder to declare against him as such, have been so explained, or indirectly overruled by later decisions, and are so contrary to what is commonly understood to be the liability of such an indorser, that we do not regard them as of any weight in this case.

In the case of *Crozen* v. *Chambers*, Chief Justice Hornblower, says : " The mere signature of such third person on the back of a note, *per se*, creates no commercial contract whatsoever, though it may subject him to the liabilities of a second indorser, if the payee thinks proper to indorse it also, and put it in circulation, and the note should get into the hands of an innocent *bona fide* holder." It seems from the evidence that the defendant refused to assume the liabilities of a maker or surety, but agreed to, and did indorse the note.

Unless proof then was offered of a different undertaking, he must be considered a second indorser. From the record then, we are forced to the conclusion that the plaintiffs cannot main-

tain their action against defendant on the three special counts, nor can the action be maintained on the common counts.

The defendant does not stand in that character on the paper which will permit a recovery in the name of the plaintiffs.

If the plaintiff had indorsed the note and put it into circulation, a subsequent indorsee could recover against the defendant. The undertaking of the defendant was, to pay the note to a subsequent indorsee, in case of the failure of the maker. The plaintiffs would not be liable to defendant on their indorsement, and could indorse the paper without recourse, so as to be liable to no subsequent indorsees.

The instructions of the court below as to demand and notice were erroneous.

Judgment reversed.