Per Curiam.

The guarantor in that case was not the promisee, but a stranger, who warranted the payment to him. He cannot himself warrant to a third person payment of a note made payable *242 to himself, and not negotiable. The plaintiff cannot recover in this action; but according to the facts reported, he may cancel what he has endorsed on the note, and instead thereof may write, “ For value received, I undertake to pay the money within mentioned to E. J.” And upon such an endorsement he may maintain an action on the facts reported.
Bay lies, for the defendant.
The parties afterwards agreed that judgment should be entered for the plaintiff for the damages found by the verdict, without costs (2).
Memorandum. Nahum Mitchel, Esq., was. at this term, appointed one of the examiners of counsellors and attorneys within this county.

 [Moies vs. Bird, 11 Mass. 436.—While vs. Howland, 9 Mass. 314.—Carver vs. Warren, 5 Mass. 545.—Sed vide Tenny vs. Prince, 4 Pick. 385.—S. C. 7 Pick. 243.— Burchard vs. Bartlett, 14 Mass. 279.—Brush vs. Reeve, Admr., 3 Johns. 439.—Jackson vs. Richards, 2 Caines’s Rep. 389.—Tilman vs. Wheeler, 17 Johns. 326.—Huntingdon vs. Harvey, 4 Con. R. 124.—Hill vs. Lewis, 1 Salk. 132.—Gov. &c. Bank of England vs. Newman, 1 Ld. R. 442—Bailey on Bills, ch. 5. § 1.—Chitty on Bills, 142.—Thomson on Bills, 101. 285.—Waynam vs. Bend, 1 Camp. 175 ; and see the notes to the three cases first cited.—Ed.]