Curia.

It is probable that the parties to this noté contemplated that the note should have been1 made, as the defendant’s *285 counsel has suggested. But the case finds that this defendant knew, before he put his name upon it, that it was not so made; and he objected to signing it for that reason. From this it should spem that he was aware that the contract was' not so favorable to him, as if he had merely endorsed a note in the usual mode. The defendant’s counsel objects that there is no count in the declaration, to which the note in evidence can apply. But we are all satisfied that this case is within the reason of Hunt vs. Adams, (1) and that the effect of the defendant’s signature is the same as if he had subscribed the note on the face of it as a surety. He is then answerable, as an original promisor, equally with Taber; and the count in the declaration, which charges him as a several original promisor, is supported by the note in its actual form, (a)

5-5"> 5 Mass. Rep. 358.

 [Moles vs. Bird, 11 Mass. Rep. 436. — Sumner vs. Gay, 4 Pick. 312. — Josselyn vs. Ames, 3 Mass. Rep. 274. — But see Tenney vs. Prince, 4 Pick. 385. — Burchard vs Bartlett, 14 Mass. Rep. 279. — Carver vs Warren, 5 Mass. Rep. 546. — Brush vs. Administrator of Reeves, 3 Johns. Rep. 439. — Jackson vs. Richards, 2 Caines's Rep. 345.
— Hodgkins vs. Bond, 1 N. H. Rep. 284. — Palmer vs. Grant, 4 Con. Rep. 389 — Tillman vs. Wheeler, 17 Johns. Rep. 326. — Huntington vs. Harvey, 4 Con. Rep 124. — Hill vs Lewis, 1 Salk. 132. — Governor, &c., Bank of England vs. Newman, 1 L. Raym. 442.
— Bailey on Bills, c. 5, § 1. — Chitty on Bills, 142. — Thomson on Bills, 101—285. — Waynam vs. Bend, 1 Camp. 175. — The distinction between White vs. Howland, Moles vs. Bird, Burchard vs. Bartlett, Sumner vs. Gay, and Tenney vs. Prince, is, certainly, shadowy. The former cases, however, were probably decided upon the principle that such a construction ought to be given to the endorsement ut magis valeat quam pereat. But would this justify a construction directly opposed to the plain intent of the parties ? Is it not obvious that, if the endorser intended to become liable as maker, he would have subscribed on the face of the note ? Why not construe it, then, as the parties understood it, — an engagement to be liable, as an endorser in ordinary cases would be, and not otherwise ? Or hold it to be a nullity, rather than make a contract for the parties, which they never entered into ? — Ed.]