*ALBANY, Jan. 1815.*

*HERRICK v. CARMAN.*

---

## HERRICK *against* J. V. CARMAN.

IN ERROR, from the court of common pleas of *Dutchess* county. *Carman*, as endorsee, brought an action, in the court below, against *Herrick*, as endorser of a promissory note, dated the 25th of *February*, 1811, made by *John Ryan* to *Lawrence Carman & Co.*, or order, for 138 dollars and 38 cents, payable thirty days after date. A demand of payment of *Ryan*, on the 30th of *March*, 1811, and refusal, and notice thereof to *Herrick*, was proved.

*Ryan* applied to *Lawrence Carman & Co.* for the purchase of goods, which they refused to sell to him, without security for the payment. *Ryan*, afterwards, presented them the note in question, endorsed by the defendant, which they accepted, and delivered the goods to the amount of the note. *Ryan*, soon after, became bankrupt, and *Lawrence Carman & Co.* were informed, that, to render the defendant liable to them, as an endorser, it was necessary that they, the payees, should previously endorse the note. They, accordingly, endorsed the note, and sold it to the plaintiff for 100 dollars, to whom they, at the time, communicated all the circumstances attending the note,

R., for value received, delivered to C. a note made by R., payable to C., and endorsed by H. in blank, as security, and C. afterwards sold and endorsed the note to B., for a less sum, who took it at his own risk, and with knowledge of the manner of making and endorsing the note: In an action brought by B., as endorsee, against H., the endorser, it was held, that as C, the original payee, could not maintain an action, directly or indirectly, against H., as endorser, neither could B. recover against him.

Where a prior endorser cannot maintain an action against a subsequent endorser, no person deriving title under the prior endorser, with knowledge of all the facts, can recover against such subsequent endorser.

as to the consideration, making, and endorsing thereof; and the defendant agreed to take the note at his own risk.

The suit was brought solely for the benefit of the plaintiff, who never made any demand on *Lawrence Carman & Co.*, nor gave them any notice of the non-payment by *Ryan*. The jury, under the direction of the court below, found a verdict for the plaintiff, for the amount of the note, with interest. The opinion of the court below was excepted to, and a bill of exceptions tendered and signed, on which the writ of error was brought to this court.

*P. Ruggles*, for the plaintiff in error, contended, that the plaintiff below, being informed of all the circumstances, as to the making and endorsement of the note, must stand precisely on the same ground as *Lawrence Carman & Co.*, the payees, would have stood, if the suit had been brought in their names; and he insisted that they could not recover on the note, in a suit brought by them.*

*J. Tallmadge*, contra, insisted, that where an endorsee of a negotiable note, takes it, *bonâ fide*, for a full consideration, his knowledge that the original party paid no consideration for it, cannot affect his right to recover. The doctrine contended for by the other side would put an end to all *accommodation* notes, as they are called.

Where a person endorses a blank note, it will bind him for any sum and time which the endorsee chooses to insert in it. It operates as a letter of credit, for an indefinite sum.†

SPENCER, J. delivered the opinion of the court. The defendant in error purchased the note at a discount, and with full knowledge of all the facts in the case; his right, therefore, to recover, cannot be superior or better than that of *L. Carman & Co.*, from whom he derived whatever title he had. It does not appear that the plaintiff in error endorsed the note for the purpose of giving *Ryan* credit with *L. Carman & Co.*, or that he was in anywise informed of the use to which *Ryan* meant to apply the note. In the absence of any proof to the contrary, we must intend that *Herrick* meant only to become the second endorser, with all the rights incident to that situation. The fact of his endorsing first, in point of time, can have no influ-

* *Herrick v. Carman,* 10 Johns. Rep. 224.
*White v. Kibby,* 11 Johns. Rep. 128.
4 *Term Rep.* 470.
*Beck v. Robley,* 1 Hen. Bl. 89. note.

† *Russel v. Langstaff,* Doug. 514.

ence, for he must have known, and we are to presume he acted on that knowledge, that though the first to endorse, his endorsement would be nugatory, unless preceded by that of the payees of the note,

Since the case of *Russell* v. *Langstaffe*, (*Doug.* 514.) it is not to be doubted, that the endorsement of a blank note is a letter of credit for an indefinite sum; but the present is not that case. There can be no doubt, here, but that the note was filled up when it was endorsed by the plaintiff in error. Had it appeared that the plaintiff endorsed the note for the purpose of giving *Ryan* credit with *Lawrence Carman & Co.*, then I should have considered him liable to them, or any subsequent endorser, and the plaintiff's endorsement might have been converted into a guaranty to pay the note, if *Ryan* did not, according to the decision of the supreme judicial court in *Massachusetts*. (3 *Mass. Rep.* 274.) Under such a state of facts, there would be no objection to the right of the defendant in error to recover, as the endorser of *Herrick*. In *Bishop* v. *Hayward*, (4 *Term Rep.* 470.) Lord *Kenyon* impliedly admits that there may be circumstances under which a prior endorser may recover against a subsequent one.

We have already decided, that the payees of this note could not, directly or indirectly, recover on it, (10 *Johns. Rep.* 224.) and that decision is supported by the case of *Bishop* v. *Hayward*.

The defendant in error, having purchased this note at a discount, and with full knowledge of the facts, has virtually agreed not to resort to *Lawrence Carman & Co.* in any event; and yet, if he can sustain this suit, he will, in effect, violate the agreement under which he became the purchaser of the note; because, upon this evidence, *Herrick*, if obliged to pay, would have his remedy over against *Lawrence Carman & Co.*

The defendant does not stand before the court with the title or character of a fair, *bona fide*, endorsee of a note, in the usual course of trade; but rather in the light of a speculator, attempting, under the specious character of an endorsee, to recover a sum of money, to which those from whom he derives his title had, with his full knowledge, no right. It may be

ALBANY,
Jan. 1815.

regarded as a general rule, that when an endorser cannot re-
cover against a subsequent endorser, no person acquiring a
title under such prior endorser, and acquainted with all the
facts, shall be allowed to recover.

