Curia, per

O’Neall, J.
This Court concurs in the instructions given below-. It is, however, now necessary to go more at large into the discussion of the point involved, than was done in the report.
The defendant’s liability cannot be considered as arising under an endorsement. For, although he wrote his name on the back of the note, yet he had no right to direct the payment of the money to the plaintiff, to whom the maker had already promised to pay. Neither can it be regarded as a guarantee. For there was nothing in the fact of writing his name on the note, with its attending circumstances, to make it necessary to consider the case in that point of view.
The true view of this contract, is to consider it as the general undertaking of the defendant, until something is shewn by him which will prevent it from being so considered. There is nothing in the words of the contract inconsistent with this view. For the words “ I promise to pay” apply to every name on the paper, and I take it, that it is perfectly immaterial where one intending to be bound by a contract, places his name upon the paper on which it is written. His signature is merely the evidence of his assent to be bound by the contract, and when it is found written on the paper containing the terms, it is sufficient.
In Flint vs. Day, 9 Vermont, 195, the doctrine on this subject was very well declared by the Judges, when they held that he who writes his name on the back of a note payable to a third person, not yet due, without express words to show the nature of his contract, is an original promissor.
In Moise vs. Bird, 11 Mass. Rep. 436, the note was made by Benjamin Bird to the plaintiff or his order. Before it was due, and before it was handed to the plaintiff, the defendant wrote his name on the back of it. In that case, the Court held that the defend ant could not be made liable, as endorser of the note, as it was. not payable to him. J, *320 Parker said, “ what then was the effect of his signature 1 It was to make him absolutely liable to pay the contents of the note.” And it was ruled, by the whole Court, that he was liable as an original promissor.
In vs. , 4 Pick’g., 311, the same point was decided. Baker vs. Briggs, 8 Pick’g., 122 was on a similar note — on the Circuit and on the appeal to the Supreme Court, it was held, that the defendant was liable as an original promissor, and was rightly declared against as such.
In Massachusetts it is considered now as settled law, that when a defendant writes his name on the back of a note not yét due, payable to a third person, he will be treated as an original promissor, unless he can show that his contract was not intended to have that effect. I think the same rule must be deduced from some of the New York cases, when they come to be fully analyzed and considered.
In Herrick vs. Carman, 12 J. R. 159, the action was against the defendant as endorser. The circumstances material to be noted were, Ryan applied to L. Carman & Co. for credit, which they refused. ' He made his note payable to L. Carman Co,, or order,which the defendant endorsed.— Ryan presented the note to L. Carman <feCo., and obtained the goods he wanted. They sold the note to the plaintiff, at a discount, disclosing all the circumstances, but endorsing the note. The defendant was held not liable. Spencer, J., however, remarked, “had it appeared that the plaintiff endorsed the note for the purpose of giving Ryan credit with L. Carman & Co., then I should have considered him liable to them or any subsequent endorsee, and. the defendant’s endorsement might have been converted into a guaranty to pay the note if Ryan did not, according to the decision of the Supreme Court in Massachusetts, 3 Mass. Rep. 274. Joscelyn vs. Adams, is the case referred to by Mr. J. Spencer. In that case, it was held that an endorsee for valuable consideration of a note not negotiable, may write over the name of the endorser a promise to pay the contents of the note to the endorsee, who may maintain an action on such promise. Taking the two cases together, it may be fairly inferred, that the doctrine intended to be maintained by that able Judge, Mr. J. Spencer, was that when the defen- *321 Want’s act, by his knowledge and with his assent, gave credit to the maker, then that he might be treated as originally liable for the payment of the contents of the note.
In Tilman vs. Wheeler, 17 J. R. 326, the count was on the defendant’s endorsement of a similar note, as a guarantee — it was held that the plaintiff could not recover.
In Nelson vs. Dubois, 13 J. R. 175, the recovery was sustained on the third count in the declaration, which considered the plaintiff’s undertaking as a guarantee. It is true that the first count was against him as maker. It does not appear to be noticed by Spencer, J., who ruled that the evidence offered to charge the defendant, and ex-eluded on the circuit, was admissible under the third count. This reasoning, however, throughout, proves that the defendant’s undertaking was original, and not collateral, and that his liability arose from the act of writing his name on the note, intending to make it good to the plaintiff. The words, “ the defendant is as much holden as if he had signed the body of the note,” are far from being equivocal; they plainly import that the defendant might be liable as maker.
I am aware that there are other cases in New York, which may seem to have a contrary tendency. They, however, do not, so far as I have been able to examine them, touch on the doctrine which I deduce from the cases cited.
In Frampton vs. Dudley, 1 N. & M’C. 129, the Court of this State first directed its attention to this subject. The note there was payable to the plaintiff or bearer. The defendant wrote his name on the back of the note; the declaration counted against him — first, as endorser; second, specially, that the defendant agreed to become security for the drawer, and therefore endorsed it; third, for money had and received. Under these counts, the Court ruled the plaintiff could not recover — holding that under the second count no s ufficient consideration was stated. But th e Court intimated a strong opinion, that if the defendant intended to become a party “ to the original contract,” he might in some other form be made liable. The reporters suggested the inquiry, whether he might not be made liable, as drawer. In Eccles vs. Ballard, 2d M’C. 388, the Court responded to that ruling that the endorser of a note *322 payable to bearer shall be considered as the drawer of a new bill. If I was compelled to rest this case here, I should think I had done enough to vindicate the decision below. For certainly the weight of authority is altogether in favor of it. Indeed the case of Eccles vs. Ballard touches the very point. For when it ruled that the endorser of a note, payable to bearer, must be regarded as the drawer of a new bill, it was upon the ground that his contract was otherwise legally inoperative. In the case before us the same result would follow, if we could not come to a similar conclusion. For to endorse a note payable to another can have no effect, if it does not make the defendant liable as the maker of the note.
The English cases will, I think, lead us to the same conclusion.
In Hill vs. Lewis, Skinner, 410, C. J. Holt, before a jury of merchants, and with their assent, ruled that a bill payable to bearer was not endorsable; yet if it be endorsed, * the endorser shall be charged — for every such endorsement . is as a new bill. Why, it may be asked, was this ruling •made'? It was because the endorsement of such a bill could not have effect in its legal and technical character, and was therefore not subject to the rules governing that class of contracts, and hence the Court was obliged to regard it as a new bill, directing the payment to the endorser of the contents of the note according to its tenor and effect.
In Hodges vs. Steward, 1st Salk. 125, the second point ruled was, “ though apt assignment of a bill payable to J. S. or bearer, be no gobd assignment to charge the drawer with in an action on the bill, yet it is a good bill between the endorser and endorsee, and the endorser is liable to an action for the money; for the endorsement is as a new bill.” "To the same effect was the ruling of the Judges in Nicholson vs. Segewick, 1st Ld. Ray’d., 171; Tassel & Lee vs. Servis, 1st Ld. Ray’d., 743-4. These cases abundantly prove that one who writes his name on the back of a note, payable to bearer, becomes originally liable for the contents. The reason why that is the law — because otherwise no legal effect would result from the endorsement — applies forcibly to the case now in hand. A promises to pay B, or order, money, and C, in order to give him credit and to *323 make the note good, writes his name on the hack of it— unless this he regarded as a several undertaking to pay the note, it can have no legal effect from the paper itself. The object and duty of Courts is to enforce contracts, not to set them aside; and hence, unless there is something which renders it legally inoperative, it should have effect according to a fair construction. Looking to the note before us, and construing the words in connexion with the names of Zealy on the face and Beaubien on the back, it is no strained or unreasonable construction to say that on the 13th of December, 1838, each of them promised to pay to George M. Stoney, or order, on or before the 1st of May next ensuing, the sum of seven hundred dollars, for value received.
The motion is dismissed.
Richardson, Evans, Butler, and Wardlaw, JJ., concurred.