By the Court, Co wen,
J. We think the plaintiff below was rightly nonsuited. The note in question was payable to the plaintiff or order; and there was nothing in the endorsement by the defendant below to indicate that he meant to be considered liable in any other character than that of a strictly commercial endorser. True, he knew the use which was to be made of the note : he was privy to the consideration. But so is every accommodation endorser who becomes a party with intent to raise money at a particular bank. This takes nothing from his right to require presentment and notice, provided the note be negotiable. The question depends entirely on the fact of negotiability. The true rule is laid down by Mr. Justice Bronson in Seabury v. Hungerford, (2 Hill's Rep. 84.) I know Mr. Justice Spencer conceded enough in Herrick v. Carman, (12 John. Rep. 161,) to maintain this action. But the concession was made on the authority of Josselyn v. Ames, (3 Mass. Rep. 274,) which was the case of a note not negotiable. *235 The case of Campbell v. Butler, (14 John. Rep. 349,) went on Herrick v. Carman, and another case, Nelson v. Dubois, (13 John. Rep. 175.) The latter case was reconsidered in Seabury v. Hungerford, where it was denied that the mere endorsement of negotiable paper can be turned into an absolute guaranty from the circumstance of its being intended to give the maker credit with the holder. The intent to give credit must be taken with the usual qualification which attaches to other accommodation endorsements. These are also made with the intent to give credit. (Vid. Hough v. Gray, 19 Wend. 202, 203.)
That the plaintiff below might have put the note in such a form by endorsing it himself as to charge the defendant below in the character of second endorser, there is not the least doubt. This was conceded in Herrick v. Carman. And see Dean v. Hall, (17 Wend. 221.) The note being entirely available to the holder in that form, the giving it effect in any other would, therefore, be going beyond the principle which makes a contract enure as having a different effect from what its direct words import. Such a forced construction should never be made except to prevent a failure of the contract altogether; ut res magis valeat quam pereat. This maxim was agreed upon in Seabury v. Hungerford, as furnishing the only ground for changing a simple endorsement into a guaranty or an absolute promise. Being on a note payable to the holder, not negotiable, and so no possibility of raising the ordinary obligation of endorser, there is then room to infer that a different obligation was intended, whether the endorsement be for the purpose of giving the maker credit on a future advance or not.
Nelson, Ch. J. dissented.
"Judgment affirmed.