THEODORE H. SWEETSER *vs.* JOTHAM S. FRENCH & others.

M. & D. made a note to F. & Co., not negotiable, and F. & Co., at the same time, wrote their names in blank on the back of the note, and M. & D. transferred it to A. *Held*, that A. had legal authority to write over the names of F. & Co. a promise to pay the contents of the note to him, and that he might recover of them the amount of the note, in an action of indebitatus assumpsit on the money counts.

A note in this form, viz. " $300. For value received, I promise to pay F. & Co. three hundred," is a good note for three hundred dollars.

THIS was an action of assumpsit, originally brought by Theodore Ames and Peter H. Coburn, partners, and afterwards prosecuted by the plaintiff, who was appointed assignee of their estate, under the insolvent laws, on a note of hand of the following tenor : " $300. For value received, we promise to pay French, Tapley & Co. three hundred, payable in fifteen days from date and grace. Rufus McLellan,

Lowell, May 9th 1845. J. De Puy."

On the back of the note the names of " French, Tapley & Co." were indorsed in blank.

The counts in the declaration, on which the plaintiff relied, were in indebitatus assumpsit, for money had and received, money paid, &c.

Trial before *Shaw*, C. J. at the last April term.

Before the commencement of the trial, the plaintiff, at the bar, wrote over the names of the defendants, on the back of the note, these words : " For value received, we promise to

pay the money, mentioned in the within note, to T. Ames & Co., according to the tenor thereof."

There was evidence that the firm of French, Tapley & Co. consisted of Jotham French, David Tapley and Charles L. Bailey ; that the name of French, Tapley & Co., on the back of said note, was in the hand writing of David Tapley, one of the defendants, and that French, another of the defendants, was called upon, by Charles H. Moore, a clerk of T. Ames & Co., on the day the note became due, in the forenoon, for the money on the note, and that French replied, that he was not then prepared to pay it, but if they would send it in the afternoon, he would pay it, or try to pay it.

The plaintiff then offered to prove that said Rufus McLellan, in business with J. De Puy, on the day of the date of the note, went to T. Ames & Co., to get them to raise for him the sum of $300, and told them that if they would get him the money, he would give them a note signed by the defendants ; that he went to the defendants, and got them to sign their name to this note, and gave them security for so doing ; that he then carried the note to T. Ames & Co., and they raised for him the sum of $300. The plaintiff also offered to prove that said French confessed, at three different times, that the firm of French, Tapley & Co. were indebted to said Ames & Co. on said note, and promised to pay it. But the judge ruled that such evidence, so far as it was competent, would be insufficient to prove an authority from the defendants to the plaintiff to fill up the indorsement in the manner stated, and support the action. He also expressed a doubt whether the action could be maintained, as no sum of money was expressed in the body of the note. The plaintiff thereupon submitted to a nonsuit, subject to the opinion of the whole court upon the facts in the case.

*Wentworth,* for the plaintiff. Ames & Co. were authorized to fill up the blank with the words which they wrote. *Josselyn* v. *Ames,* 3 Mass. 274. *Union Bank of Weymouth & Braintree* v. *Willis,* 8 Met. 504, and cases there cited.

The omission of the word " dollars " in the body of the

note is immaterial. The note is for value received, and the dollar mark and the figures " 300 " are in the margin. This is sufficient to make the instrument a good promissory note for that sum. *M'Coy* v. *Gilmore*, 7 Ham. Part 1st, 268. See also *Boyd* v. *Brotherson*, 10 Wend. 93. *Booth* v. *Wallace*, 2 Root, 247. *Norwich Bank* v. *Hyde*, 13 Connect. 279. *Elliot's case*, 2 East P. C. 951, and 1 Leach, (3d ed.) 210.

*J. G. Abbott*, for the defendants. The case of *Josselyn* v. *Ames*, cited for the plaintiff, is very imperfectly reported. It would seem, from the report, that all the parties were *connected originally* in an agreement to become sureties for Oliver Ames. There is no other case like that; none in which the payee of a note not negotiable has been charged in the manner attempted in this case. The defendants should have been treated as indorsers, and not as promisors or guarantors. See Story on Notes, § 128. Story on Bills, §§ 199, 202. Chit. on Bills, (8th Amer. ed.) 219. Bayley on Bills, (5th ed.) 120, 121. *Jones* v. *Fales*, 4 Mass. 245. *Sanger* v. *Stimpson*, 8 Mass. 260. *Hill* v. *Lewis*, 1 Salk. 132. *Aldis* v. *Johnson*, 1 Verm. 136.

The plaintiff cannot recover the amount of the note, on the money counts, as the evidence does not show a legal demand and notice.

The omission of the word " dollars " probably furnishes no ground of defence.

*Wentworth*, in reply. French's acknowledgment, after the maturity of the note, that the firm owed it, and his promise to pay it, were a waiver of demand and notice, even if the defendants are to be treated as indorsers. 8 Pick. 1.

DEWEY, J. The weight of authority, resulting from the adjudicated cases, is clearly with the plaintiff, as to the right to fill up the blank indorsement of the defendants, in the manner proposed by him. The case of *Josselyn* v. *Ames*, 3 Mass. 274, is direct to the point, and well authorizes it. This class of cases has recently been under the consideration of the court in the case of *Union Bank of Weymouth & Braintree* v. *Willis*, 8 Met. 504; and after a full review of

the various cases, and with a knowledge that doubts have been sometimes suggested as to their correctness, we did not feel authorized to overrule them, nor disposed to deny them their full effect as authoritative decisions.

The objection arising from the omission of the word " dollars," in the body of the note, is not insisted on by the defendants' counsel. The figures and characters in the margin seem sufficiently to supply this obvious omission. The cases cited are conclusive on this point. See also *Phipps* v. *Tanner*, 5 Car. & P. 488.

The common money counts are sufficient to embrace the present cause of action. If a specification of the plaintiff's claim, or a bill of particulars, be required, the plaintiff may have leave to file the same.

*Nonsuit taken off, and a new trial ordered.*