By the Court. Campbell, J.
The note given in evidence on the trial of the cause was as follows :
“ East Greenwich', July 2,1846.
“$402, 61. Sixty days after date I promise to pay to the order of Bradford & Birdsall, four hundred two T6TV dollars, value received, payable at the Washington County Bank.
“ M. E. Mártir.
“ (Endorsed,)
“ Jarvis Martin,
“ Bradford & Birdsall.”
How first, it appeared on inspection of the note that the signature of Bradford & Birdsall followed that of the defendant on the back of the note; and second, it appeared by the evidence that in point of time the note was indorsed by the defendant before it was indorsed by the plaintiffs.
The note was offered in evidence under the money counts, and objected to by the defendant, but admitted by the judge. There was no special count in the declaration, and it was conceded in the argument that the defendant must be charged, if at all, as. *649 maker or indorser, and that under the pleadings, he cannot he charged as guarantor or surety.
If, as was said in Herrick v. Carman, (12 John. 159,) and in Labron v. Woram, (1 Hill, 91,) and in the opinion of the chancellor in Hall v. Newcomb, (7 Hill, 416,) it had been clearly shown that Jarvis Martin, the defendant, had indorsed the note for the . purpose of giving- M. F. Martin, the maker, credit with the plaintiffs, then this indorsement might probably have been ¡ converted into a guaranty to pay the note if the maker did not, Í and under proper averments in the declaration he might have | been held liable. But there "were no such averments in the declaration, and no proofs to sustain them. Hpon the face of the proceedings, it is simply a claim by the first indorser, to recover, against the second indorser, on the ground that the second indorser indorsed the note before it was indorsed by the first indorser.
It nowhere appears for what object the note was made or indorsed, or for what purposes it was used; whether to pay a debt due to the plaintiffs, to obtain credit from them, or to enable them or the maker to obtain the money on it from the bank where it is made payable, or from any other source. Among all the exceptions to the general rules regulating the liabilities of drawers, acceptors, and indorsers, of bills of exchange, and makers and indorsers of promissory notes, I can find, no decision or even dictum in this state which would support the proposition of the plaintiffs in this case. It is very evident that courts have gone quite far enough in admitting parol evidence to vary written contracts. But here we are called upon» to vary a written contract, and that contract one well understood, and of the greatest importance in a commercial community, upon the mere shadowy outline of parol evidence. We are called upon to say that there exists a legal liability on the part of a second indorser of a promissory note to pay the same to a first indorser, to the order of which first indorser the note was made payable; because the second indorser put his name' on the back of the note before the first indorser placed his name there. There is neither authority nor argument to support such a proposition.
There must be a new trial, the costs to abide the event of the suit.