Griswold *v.* Slocum.

———— o-o-o ————

SAME TERM.    *Watson, Parker, and Wright*, Justices.

### GRISWOLD & ROBINSON *vs.* WILLIAM SLOCUM.

Where a note, not negotiable, was given by G. S. & Co. to the plaintiffs, to secure a precedent debt, and the defendant, previous to its delivery, indorsed the same as security; *Held*, that the defendant was not strictly an indorser, inasmuch as a legal indorsement can only be made upon a negotiable note, but that he was liable to the payees as maker or guarantor. WATSON, J. dissented.

THIS was an action against the defendant as indorser of a promissory note, in these words: " $350. Three months from date, we promise to pay Robinson, Griswold & Co. the sum of three hundred and fifty dollars, for value received, at the Merchants and Mechanics' Bank, Troy.

Schaghticoke, August 16, 1848.    GILES SLOCUM & Co."

Indorsed, "William Slocum."

The complaint alledged that the firm of Giles Slocum & Co. consisted of Giles Slocum, Nathaniel Starbuck and Benjamin Starbuck; that after the making of the note, and on the day it bore date, the same was indorsed by the defendant William Slocum, and was then delivered to the plaintiffs by Giles Slocum & Co. The complaint also alledged a demand, and refusal of payment, and notice to the defendant. The defendant, by his

Griswold *v.* Slocum.

answer, insisted that his liability was only that of second in-dorser, after the plaintiffs had indorsed the note. The plain-tiffs, in their reply, alledged that the note was not payable to their order, and that the liability of the defendant as indorser of the note, was not that of second indorser after the plaintiffs had indorsed the same, as claimed in the answer. The cause was tried at the Rensselaer circuit, in February, 1849, before Justice Harris. The execution of the note by Giles Slocum, in behalf of the firm of Giles Slocum & Co. and the indorsement thereof by the defendant, were admitted. And it was proved that the note was given for a precedent debt, due from Giles Slocum to the plaintiffs.

The evidence being closed, the defendant insisted that the plaintiffs were not entitled to recover against him, for the fol-lowing reasons : 1. Because, the note not being negotiable, the defendant could not be charged as indorser.  2. There was no contract of guaranty, or any other contract, averred or proved. 3. That the contract, if inferred, was void by the statute of frauds, as it was to pay the debt of another, and did not state the consideration.  But the judge decided that enough appeared under the pleadings and evidence, to entitle the plaintiffs to recover the amount of the note, and ordered judgment for the plaintiffs for that amount, with interest ; and the defendant ex-cepted, and appealed from the judgment.

*S. G. Huntington,* for the plaintiff.

*T. C. Ripley,* for the defendant.

PARKER, J.  The defendant can not be charged as indorser, because the promissory note is not negotiable.  Can he be held liable as maker, or guarantor?  It is first objected, that he can not, for the reason that the complaint is drawn solely with a view to hold him as indorser.  But I do not so understand it. The complaint sets forth the history of the transaction.  It is true, some unnecessary matters are stated, such as the demand of payment from Giles Slocum & Co. and notice of non-payment

given to the defendant. The defendant not being an indorser, these steps were unnecessarily taken, and of course needlessly set forth in the complaint. But this is only surplusage. If the material facts stated and proved, are sufficient to establish the legal liability of the defendant as maker or guarantor, the judgment recovered should be sustained. Besides, it does not appear that any such objection was taken at the trial. The case shows that the note in suit was given to secure to the plaintiffs a precedent debt, due from Giles Slocum & Co. The defendant put his name on the note as security, at the time the note was made, and before its delivery to the plaintiffs.

I think the law well settled, that under such circumstances the defendant may be held liable as maker or guarantor; unless he is thus liable, he escapes all liability on his contract. His name is placed on the back of the note, but he is not strictly an indorser, because a legal indorsement can only be made on a negotiable note.

In *Josselyn* v. *Ames*, (3 *Mass. Rep.* 273,) it was held that an indorsee for a valuable consideration, of a note not negotiable, may write over the name of the indorser a promise to pay the contents of the note to the indorsee, who may maintain an action upon such promise, against the indorser. This was virtually making the defendant liable as a maker. This decision has been frequently recognized as law by the courts of this state. (12 *John.* 159.   17 *Wend.* 219.   2 *Hill,* 80.   3 *Id.* 233.)

The earlier decisions held the same rule to be applicable to a negotiable note, when it was indorsed by a third person, for the payee's security, before it was delivered to the payee, and allowed the payee to charge such indorser as guarantor or maker. (*Herrick* v. *Carman,* 12 *John.* 161.   *Campbell* v. *Butler,* 14 *Id.* 349.   *Nelson* v. *Dubois,* 13 *Id.* 175.) But these have been overruled by the later cases of *Hall* v. *Newcomb,* (3 *Hill,* 233; 7 *Id.* 416;) *Ellis* v. *Brown,* (6 *Barb. Sup. C. Rep.* 282,) and *Spies* v. *Gilmore,* (1 *Comst.* 321.) It is now held that when the paper is negotiable, the party indorsing it as security before delivery to the payee, can be held liable only as

Griswold  *v.*  Slocum.

indorser, and is entitled to notice of protest, after demand made of the maker.

The reason why this is not the law in regard to paper not negotiable, is to prevent an entire failure of justice. *Ut res magis valeat quam pereat.* Not being liable as indorser, if he can not be held responsible as maker or guarantor, the party escapes all accountability on his contract. The distinction in this respect between paper negotiable and not negotiable, has been plainly recognized, and is now well established. All the conflict of authority has been in regard to negotiable paper. There has been none in regard to paper not negotiable.

In *Seabury* v. *Hungerford,* (2 *Hill,* 84,) Bronson, J. said, "if the note had not been negotiable, or if for any other reason the case had been such that the defendant could not, by the exercise of proper diligence, have been charged as indorser ; and there had been an agreement that he would answer in some other form, then the plaintiff might have written over the name such a contract as would carry into effect the intention of the parties. When a contract can not be enforced in the particular mode contemplated by the parties, the courts, rather than suffer the agreement to fail altogether, will, if possible, give effect to it in some other way." And in *Hall* v. *Newcomb,* Justice Cowen said, "the question depends entirely on the fact of negotiability." Being on a note payable to the holder, not negotiable, and so no possibility of raising the ordinary obligation of indorser ; there is, then, room to infer that a different obligation was intended, whether the indorsement be for the purpose of giving the maker credit on a future advance or not." The law on this subject will be found to be stated, and the decisions collected, in *Story on Promissory Notes,* § 473, *and note* 1, *and cases there cited.*

I think the judgment should be affirmed with costs.

WRIGHT, J. concurred.

WATSON, J. dissented.

Judgment affirmed.