JOHN N. RICHARDS, Executor, etc., of Platt Richards, deceased, Respondent, v. GEORGE O. WARRING, impleaded, etc., Appellant.

The indorser of a non-negotiable note is not entitled to notice of demand of, and of non-payment by, the maker thereof. By indorsement before delivery or before negotiating it, he may be treated as maker.

Where a party writes his name upon the back of a note not negotiable, there being no contract of indorsement, the courts give effect to it by allowing the holder to overwrite the indorser's name with the real contract, either as maker or guarantor.

THE appeal in this case is by the defendant, George O. Warring (who was sued with James E. Warring and James E. Chapman), from a judgment in favor of the plaintiff, rendered in the fourth district against all the defendants.

The action was brought to recover the amount due upon a note in the following words:

"One year after date we promise to pay Platt Richards eight hundred dollars, with interest, value received.

"Amsterdam, April 1, 1857.

                "JAMES E. WARRING,

                "JAMES B. CHAPMAN."

Signed on the back, "GEORGE O. WARRING."

The defendant, George O. Warring, alone defended; and, after issue, the cause was referred to and heard before Platt Potter as referee; and, on the trial before him, the following facts were found:

That on the 6th of April, 1857, James E. Warring and James B. Chapman made the note in suit, and on the same day, before delivering the same to the payee, James E. Warring took the note to George O. Warring to obtain his signature thereto, and thereupon George O. Warring wrote his name across the back of the same; and that afterward, on the same day, the note so signed was delivered by Warring & Chapman to Platt Richards, the payee, and he thereupon

advanced to Warring & Chapman the amount of the note on the credit thereof.

Platt Richards died on the 20th of January, 1863, and the plaintiff is his sole executor.

George O. Warring had no portion of the proceeds of the note nor any benefit therefrom, and never had any notice of demand of payment of the makers, or other protest of the note.

Upon these facts the referee decided that George O. Warring signed the note with the intent to become liable to pay the same to the payee, and that the plaintiff was entitled to recover against all the defendants as makers the amount due on the note, and ordered judgment accordingly for $954.33 and costs.

This judgment having been affirmed at General Term in the fourth district (reported in 39 Barbour, 42), the defendant George O. Warring now appeals to this court.

*John H. Reynolds*, for the plaintiff, respondent.

*John K. Porter*, for the defendant, appellant.

HOGEBOOM, J.    The defendant is prosecuted by the payee of a non-negotiable promissory note as a party thereto. What his precise character and liability are, is the question to be determined.    The defendant insists that he is simply an *indorser*, and can be held only in that character, and that as no steps were taken to charge him in that capacity, he is not liable.    The plaintiff insists that the defendant is liable in some character other than that of strict indorser for the payment of the note, that he cannot be regarded strictly in the light of an indorser of commercial paper, because the note is not negotiable, and therefore neither possesses the character nor is entitled to the privileges of an indorser, nor to require that the ordinary steps should have been taken to charge him as indorser.    The defendant's name appears upon the back of the note, and in a perfectly correct though limited sense, he may be said to have *indorsed* the note, that is to have written his name upon the back of it.    If the note had

73

been negotiable it is clearly settled that he could not have been held without a regular demand and protest of the note, and this upon the principle that as the paper admitted of the contract of indorsement, and the name was written in the place and in the manner in which the names of indorsers usually appear, he must be *presumed* to have intended to adopt that character and no other.

But in the present case the defendant is not an indorser in the commercial sense, and the paper does not on its face import the contract of indorsement. We cannot, therefore, *presume* an intention to assume only the restricted liability of an indorser. The defendant must, therefore, be held in some other character, or must be absolutely discharged, as not having contracted any effectual legal liability whatever. We cannot presume that he designed to contract no liability whatever, for he has signed the note, and apparently to give the benefit and responsibility of his name to the party to whom the same should be negotiated; and there are cases which have held parties who have signed under such circumstances, so that there is no legal impossibility which prevented the defendant from becoming liable in some form.

The defendant signed the note before it was negotiated; he signed it at the request and for the benefit of the makers, to enable them to raise money on it; he signed it, as the referee has found, "with the intent to become liable to pay the same to the payee." It was negotiated to the payee after he had thus signed it, and the money obtained upon it; in fact, we may presume upon the credit of his name. He ought, therefore, to be held upon it, if it may be done consistently with the rules of law; and I think he may be without violating any legal principle. It is impossible, as before stated, to confer upon him the character of an indorser, or, in the absence of evidence, to infer that he intended to assume that relation. Nor, in my opinion, does the evidence of what took place when he made his signature—if that evidence be admissible—show that he intended to contract in that character. He was first presented by the maker of the note with one similar to the present, except that it was pay-

able on demand, and asked to indorse it, which he declined to do, but said he would indorse it if made payable one year after date. The present note was then drawn, and the signature of the defendant procured. It is fair to infer from this evidence that by the language employed the defendant was not contemplating the contingent liability of an indorser only in the strict sense of that term; for the law, which he is presumed to know, did not admit of such a relation; but rather that he would indorse the paper by writing his name upon the back of it, and contract thereby such relations to the other parties to the paper as such a signature would confer or entail upon him. And the referee has, in effect, found that he intended to assume such a relation. He designed, then, to be a *surety* of the makers to the payee, and may be held in that character. What precise name such a relation entitles him to, it is perhaps not indispensable to determine, as I think a complaint setting out the circumstances under which the note was executed, the manner of the signature, and the intent of the party to become liable thereon, would show a cause of action which would entitle the plaintiff to recover. He is, in effect, a maker of the note, an original party to the instrument, whose name, equally with that of the other makers, was intended to give currency and credit to it in the hands of the payee, and on the faith of whose signature, either as principal or as surety for the other makers, the paper was discounted. The signature on the back of the instrument is not inconsistent with his liability as maker, if he, in fact, intended to assume that character. Perhaps also he may be held as guarantor. A contract of that description does not appear to me irreconcilable with the liability he intended to assume; and if he meant to be liable in that character a contract of that description might be written over his name, and I think a consideration "for value received" therein stated, inasmuch as, the facts developed on the trial show a sufficient consideration to bind him.

It is enough, however, in my opinion, to declare that he is liable, on the facts proved, to pay the note, and it is not important whether he be called by one name or another. I

find only a single reported case in our own reports resting on facts precisely similar to those which appear in the present case. That is the case of *Griswold* v. *Slocum* (10 Barb., 402). The result arrived at in that case is the same as that to which I have come. The cases there referred to (*Seabury* v., *Hungerford*, 2 Hill, 84; and *Hall* v. *Newcomb*, 3 Hill, 233; 7 id., 416) adopt a course of reasoning which I think warrants a similar conclusion. The case of *Seymour* v. *Van Slyck* (8 Wend., 404) in effect decided what is declared in the head-note, to wit: that "the indorser of a note not negotiable has no right in an action against him to insist upon a previous demand of the maker and notice of non-payment. The indorsement is equivalent to a guaranty that the note will be paid, and not a conditional undertaking to pay if the maker does not. An absolute guaranty may be written over the indorsement upon which a recovery may be had." The only difference which I discover between that note and the present one is that in that the name of the indorser did appear in the body of the paper as payee thereof, while in this the plaintiff's name is inserted as payee. The cases upon this branch of the law — mostly, however, confined to commercial paper—are numerous, and have undergone searching examination, and have led to some conflict of decision. It is unnecessary to refer to them at large. I think the result of the authorities is very well expressed by the compiler of Abbott's Digest, in a note to page 440 of the first volume, in the following words: "If the note is not negotiable, the payee is authorized to overwrite a contract of guaranty, or an original promise to pay the note, over the name indorsed, and may maintain an action thereon; because, unless the indorsement is held to imply such an authority, it is wholly inoperative and senseless, as there can be no liability as indorser in strictness of a non-negotiable note."

The judgment should be affirmed.

DAVIES, J. The referee who tried this action found as facts that on the 6th of April, 1857, the defendants, James E. Warring and Chapman, comprising the firm of Chapman & Warring, made a promissory note in the words following:

" $820. One year after date, we promise to pay Platt Richards one hundred and twenty dollars, with interest, value received.

"Amsterdam, April 1, 1857."

That on the same day of the making thereof, and before the delivering of the note to the payee, the said James E. Warring took the said note to the said defendant, George O. Warring, to obtain his signature thereto; that thereupon the said George O. Warring wrote across the back of said note his name, "George O. Warring;" that afterward and on the same day, the said note so signed was delivered by the said Warring & Chapman to the said Platt Richards, who thereupon advanced to said firm of Warring & Chapman the amount of the said note, upon the credit thereof.

That afterward, on the 20th of January, 1860, the said Platt Richards died, having made his will, appointing the plaintiff executor thereof, etc. That the defendant, George O. Warring, had no portion of the proceeds of the said note, nor any benefit therefrom, and had no notice of demand of payment of the makers or other notice of protest of said note. That the whole amount of said note and the interest thereon were due and unpaid, and that the plaintiff was the legal owner and holder of said note, and as conclusions of law he found, that the defendant, George O. Warring, signed the said note with the intent to become liable to pay the same to the payee. That the plaintiff is entitled to recover against all the defendants as makers the amount of said note and interest.

Judgment upon the report was entered in favor of the plaintiff for $954.33, with costs, and the same was affirmed at General Term.

The cases of *Hall* v. *Newcomb* (7 Hill, 416), and *Spies* v. *Gilmore* (1 Comst., 321), have finally settled the law in this State, that when the paper is negotiable, the party indorsing it as security, before delivering it to the payee, could be held liable *only* as indorser, and is entitled to notice of protest after demand made of the maker. But this rule is applica-

ble *only* to paper negotiable and not to paper not negotiable. In reference to the latter class there cannot, legally speaking, be a contract of indorsement, and all parties to such paper, if charged at all, can only be charged either as makers or as guarantors. This distinction is fully recognized as well by text writers as by the authorities. (Edwards on Bills, 167, 230.) When a party writes his name on the back of a note not negotiable, as there is no contract of indorsement, the courts endeavor to prevent the utter failure of the contract by giving it effect in some other way, as by allowing the holder to overwrite the indorser's name with the real contract implied by law, or recover against him as a maker or guarantor of the note. (*Seymour* v. *Van Slyck*, 8 Wend., 403, 421, and cases there cited; *Dean* v. *Hall*, 17 Wend., 214; *Josselyn* v. *Ames*, 3 Mass., 274; *Hunt* v. *Adams*, 5 Mass., 358; *Herrick* v. *Carman*, 12 Johns., 159; *Dean* v. *Hall*, 17 Wend., 219; *Seabury* v. *Hungerford*, 2 Hill, 80; *Hall* v. *Newcomb*, 3 Hill, 233; *Griswold* v. *Slocum*, 10 Barb., 402.)

The latter case is quite in point. There the action was against William Slocum, who had written his name on a non-negotiable note payable to the plaintiff. The court, in its opinion, say that the defendant put his name on the note as security at the time the note was made and before its delivery to the plaintiff, and that the law was well settled that under such circumstances the defendant may be held liable as maker or guarantor. Unless he is thus liable, he escapes all liability on his contract. His name is placed on the back of the note, but he is not strictly an indorsor, because a legal indorsement can only be made on a negotiable note.

In *Josselyn* v. *Ames* (*supra*), it was held that an indorsee for a valuable consideration of a note not negotiable, may write over the name of the person whose name is written on the back of the note, a promise to pay the contents of the note to the indorsee, who may maintain an action upon such a promise, against such person. This was virtually making the defendant liable as a maker. This decision has been

frequently recognized as law by the courts of this State, in the cases already cited. In *Seabury* v. *Hungerford (supra)*, BRONSON, J., said " if the note had not been negotiable, or if for any other reason, the case had been such that the defendant could not, by the exercise of proper diligence, have been charged as an indorser, and here had been an agreement that he would answer in some other form, then the plaintiff might have written over the name such a contract as would carry into effect the intention of the parties. When a contract cannot be enforced in the particular mode contemplated by the parties the court rather than suffer the agreement to fail altogether, will if possible give effect to it in some other way." And in *Hall* v. *Newcomb (supra)*, Justice COWEN said the right to require presentment and notice, depended entirely on the fact of negotiability. That when the contract was that of indorsements, which was always the case upon a negotiable note, the giving it effect in any other form, would therefore, be going beyond the principle which makes a contract inure, as having a different effect, from what its direct words impart. That such a forced construction should never be made, except to prevent a failure of the contract altogether. *Ut res magis valeat, quam pereat.* This maxim, in *Seabury* v. *Hungerford*, furnished the only ground for changing a simple indorsement into a guaranty, or an absolute promise. Being in a note payable to the holder, not negotiable, and so no possibility of raising the ordinary obligation of indorser, there was then room to infer that a different obligation was intended, whether the indorsement be for the purpose of giving the maker credit on a future advance or not.

In the case now under consideration, no such ambiguity prevails. The referee has found that the defendant, George O. Warring, signed the note with the intent, to become liable to pay the same to the payee. It is to be observed that this finding is characterized by the referee as a finding of a conclusion of law. It is nevertheless a finding of a fact in the action, and is none the less so, although designated as a finding of a conclusion of law. We regard the findings of referees what they in truth and in fact are, disregarding

the name given to them. It is therefore incontrovertible that this defendant signed his name to this note, because it was delivered to the plaintiff's testator; that it was so signed with the intent of giving or obtaining credit from him, and that the money was advanced on the faith of such signature. We have seen that it is not a contract of indorsement, and there would be, a singular failure of justice if he did not regard the contract of the defendant, what all parties intended at the time it should be, namely, a promise on the part of the defendant to pay the money advanced on the faith of the note, with his signature thereon. Concede that it was a contract of suretyship, it follows conclusively that it was not a contract of indorsement, upon which, as preliminary to the defendant's liability, there should have been a demand of payment of the makers, and notice of such demand and refusal to the defendant, as was observed by the court in *Griswold* v. *Slocum*, (*supra*). The reason why this is not the law in regard to paper not negotiable, is to prevent an entire failure of justice. *Ut res magis valeat, quam pereat.* Not being liable as indorser, if he cannot be held responsible as maker or guarantor, the party escapes all accountability on his contract. This distinction in this respect, between paper negotiable and not negotiable, has been plainly recognized, and is now well established. All the conflict of authority has been in regard to negotiable paper. There has been no conflict in regard to paper not negotiable.

In the present case it cannot be said, that in holding this defendant accountable upon the contract he has entered into, the court is making for him a different contract than that made by himself. He certainly did not make a contract of indorsement which only requires as a condition precedent to his liability, a demand of the maker for payment, and notice of such demand and refusal, to the defendant, as indorser. He certainly entered into some contract with the plaintiff's testator. What was that contract? It is believed that it has been satisfactorily shown to be a contract of guaranty, or that of an absolute promise to pay as one of the makers of the note, in which aspect we regard it. The

defendant's liability to pay is unquestioned, and therefore the judgment against him was correct, and should be affirmed.

All affirm except DENIO, Ch. J., and JOHNSON, J.

Judgment affirmed.