Hogeboom, J.
The defendant is prosecuted by the payee of, a non-negotiable promissory note as a party thereto. What his precise character and liability are, is the question to be determined. The defendant insists that he is simply an indorser, and can be held only in- that character, and that as no1 steps were taken to charge him in that capacity, he is not liable. The plaintiff insists that the defendant is liable in some, character other than that of strict indorser for the payment of, the note, that he cannot be regarded strictly in the light of an indorser of commercial paper, because the note is not negotiable, he therefore neither possesses the character nor is entitled to the privileges of an indorser, nor to require that the ordinary steps should have been taken to charge him as indorser. The defendant’s name appears upon the back of the note, and in a perfectly correct though limited sense, he may be said to have indorsed the note, that is, to have written his name upon the back of it. If the note had been negotiable it is clearly settled that he could not have been held without a regular demand and protest of the note, and this upon the principle that; as the paper admitted of the contract of indorsement, and the-name was written in the place and in the manner in which the.names of indorsers usually appear, he must be presumed. to> have intended to adopt that character and no other.
But in the present case the defendant is not an indorser im ¿he commereial sense, and the paper does not on its face import. the contract of indorsement. We cannot, therefore; presume an intention to assume only the restricted liability of an indorser. The defendant must, therefore, be held in some-. other character, or must be absolutely discharged as not; having contracted any effectual legal liability whatever. We-cannot presume that he designed to contract no liability whatever, for he has signed the note, and; apparently, to give the-benefit and responsibility of his name to the party to whom-, the same should be negotiated; and there are cases which have-held parties who have signed' under sqch circumstances, so; *50 that there is no legal impossibility which prevented the defendant from becoming liable in some form.
The defendant signed the note before it was negotiated; he signed it at the request and for the benefit of the makers, to enable them to raise money on it; he signed it, as the referee has found, “ with the intent to become liable to pay the same to the payee.” It was negotiated to the payee after he had thus signed it, and the money obtained upon it; in fact, we may presume upon the credit of his name. He ought, therefore, to be held upon it, if it may be done consistently with the rules of law; and I think he may be without violating any legal principle. It is impossible, as before stated, to confer upon him the character of an indorser, or, in the absence of evidence to infer that he intended to assume that relation. Nor, in my opinion, does the evidence of what took place when he made his signature—if that evidence be admissible— show that he intended to contract in that character. He was first presented by the maker of the note with one similar to the present, except that it was payable on demand, and asked to indorse it, which he declined to do, but said he would indorse it if made payable one year after date. The preseñt note was then drawn, and the signature of the defendant procured.
It is fair to infer from this evidence that by the language •employed the defendant was not contemplating the contingent liability of an indorser only in the strict sense of that term; for the law, which he is presumed to know, did not admit of such a relation; but rather that he would indorse the paper "by writing his name upon the back of it, and contract thereby .such relations to the other parties to the paper as such a signature would confer or entail upon him. And the referee has, in effect, found that he intended to assume such a relation. He •designed, then, to be a surety of the makers to the payee, and may be held in that character. What precise name such a relation entitles him to, it is perhaps1 not indispensable to determine, as I think a complaint setting out the circumstances un<der which the note was executed, the manner of the signature, and the intent of the party to become liable thereon, would show a cause of action which would entitle the plaintiff to re *51 cover. He is, in effect, the maker of the note, an original party to the instrument, whose name, equally with that of the other makers, was intended to give currency and credit to it in the hands of the payee, and on the faith of whose signature, either as principal or. as surety for the other makers, the paper was discounted. The signature on the back of the instrument is not inconsistent with his liability as a maker, if he, in fact, intended to assume that character.
Perhaps also he may be held as guarantor. A contract of that description does not appear to me irreconcilable with the liability he intended to assume; and, if he meant to be liable in that character, a contract of that description might be written over his name, and I think a consideration “ for value received” therein stated, inasmuch as the facts developed on the trial show a sufficient consideration to bind him.
It is enough, however, in my opinion, to declare that he is liable, on the facts proved, to pay the note, and it is not important whether he be called by one name or another.
I find only a single reported case in our own reports resting on facts precisely similar to those which appear in the present case. That is the case of Griswold v. Slocum, 10 Barb. 402. The result arrived at in that case is the same as that to which I have come. The cases there referred to (Seabury v. Hunger-ford, 2 Hill, 80, 84; and Hail v. Newcomb, 3 Id. 233 ; 7 Id. 416) adopt a course of reasoning which I think warrants a similar conclusion. The case of Seymour v. Van Slyck, 8 Wend. 403, in effect decided what is declared in the head-note, to wit: that “the indorser of a note not negotiable has no right, in an action against him, to insist upon a previous demand of the maker and notice of non-payment. The indorsement is equivalent to a guaranty that the note will be paid, and not a conditional undertaking to pay if the maker does not. An absolute guaranty may be written over the indorsement, upon which a recovery may be had.” The only difference which I discover between that note and the present one is that in that, the name of the indorser did appear in the body of the paper as payee thereof, while in this the plaintiff’s name is inserted as. payee. The cases upon this branch of the law—mostly, however, confined to commercial paper—are numerous, and have *52 undergone searching examination, and have led to some conflict of decision. It is unnecessary to refer to them at large. I think the result of the authorities is very well expressed by the compiler of Abbott’s Digest, in a note to title Bills, Notes, Sc., subdiv. Transfer by Indorsement, vol. 1, p. 440 (2 ed. p. 491), in these words: “ If the note is not negotiable, the payee is authorized to overwrite a contract of guaranty, or an original promise to pay the note, over the name indorsed, and maintain an action thereon; because, unless the indorsement is held to imply such an authority, it is wholly inoperative and senseless; as there can be no liability as indorser in strictness of a nonnegotiable note.”
The judgment should be affirmed.
Davies,J.
[After stating the facts.]—The cases of Hally. Newcomb, 7 Hill, 416, and Spies v. Gilmore, 1 N. Y. 321, have finally settled the law in this State, that when the paper is negotiable, the party indorsing it as security, before delivering it to the payee, could be held liable only as indorser, and is entitled to notice of protest after demand made of the maker. But this rule is applicable only to paper negotiable, and not to paper not negotiable. In reference to the latter class there cannot, legally speaking, be a contract of indorsement, and all parties to such paper, if charged at all, can only be charged either as mak'rs or as guarantors. This distinction is fully recognized as well by text writers as by the authorities. Edw. on Bills, 167, 230. When a party writes his name on the back of a note not negotiable, as there is no contract of indorsement, the courts endeavor to prevent the utter failure of the contract by giving it effect in some other way, as by allowing the holder to overwrite the indorser’s name with the real contract implied by law, or recover against him as a maker or guarantor of the note. Seymour v. Van Slyck, 8 Wend. 403, 421, and cases there cited; Dean v. Hall, 17 Id. 214; Josselyn v. Ames, 3 Mass. 274; Hunt v. Adams, 5 Id. 358; Herrick v. Carman, 12 Johns. 159; Seabury y. Hungerford, 2 Hill, 80; Hall v. Newcomb, 3 Id. 233; Griswold v. Slocum, 10 Barb. 402.
The latter case is quite in point. There the action was against William Slocum, who had written his name on a non *53 negotiable note payable to the plaintiff. The court, in its opinion, say that the defendant put his name on the note as security at the time the note was made and before its delivery to the plaintiff, and that the law was well settled that under such circumstances the defendant may be held liable as maker or guarantor. Unless he is thus liable, he escapes all liability on his contract. His name is placed on the back of the note, but he is not strictly an indorser, because a legal indorsement can only be made on an negotiable note.
In Josselyn v. Ames, supra, it was held that an indorsee for a valuable consideration of a note not negotiable, may write over the name of the person whose name is written on the back of the note, a promise to pay the contents of the note to the indorsee, who may maintain an action upon such a promise, against such person. This was virtually making the defendant liable asa maker. This decision has been frequently recognized as law by the courts of this State, in the cases already cited. In Seabury v. Hungerford, supra, Bboitsos", J., said “ if the note had not been negotiable, or, if for any other reason, the case had been such that the defendant could not, by the exercise of proper diligence, have been charged as indorser, and there had been an agreement that he would answer in some other form, then the plaintiff might have written over the name such a contract as would carry into effect the intention of the parties. When a contract cannot be enforced in the particular mode contemplated by the parties, the court, rather than suffer the agreement to fail altogether, will, if possible, give effect to it in some other way.” And in Hall v. ¡Newcomb, supra, Justice Cowex said that the right to require presentation and notice, depended entirely on the fact of the negotiability. That when, the contract was that of indorsement, which was always the case upon a negotiable note, the giving it effect in any other form, .would, therefore, be going beyond the principle which makes a contract inure, as having a different effect from what its direct words import. That such a forced construction should never be made, except to prevent a failure of the contract altogether. “ Ut res magis valeat, quampereat. This maxim, in Seabury v. Hungerford, furnished the only ground for changing a simple indorsement *54 into a guaranty, or an absolute promise. Being on a note payable to the .holder, not negotiable, and so no possibility of raising the ordinary obligation of indorser, there was then room to infer that a different obligation was intended, whether the indorsement be for the purpose of giving the maker credit on a future advance or not.”
In the case now under consideration, no such ambiguity prevails. The referee has found that the defendant, George 0. Warring, signed the note with the intent to become liable to pay the same to the payee. It is to be observed that the finding is characterized by the referee as a finding of a conclusion of law. It is nevertheless a finding of a fact in the action, and is none the less so, although designated as a finding of a con-' elusion of law. We regard the finding of referees what they in truth and in fact are, disregarding the name given to them. It is therefore incontrovertible that the defendant signed his name to this note, because it was delivered to the plaintiff’s testator; that it was so signed with the intent of giving or obtaining credit from him, and that the money was advanced on the faith of such signature. We have seen that it is not a contract of indorsement, and there would be a singular failure of justice if we did not regard the contract of the defendant, as -what all parties intended at the time it should be, namely, a promise on the part of the defendant to pay tl e money advanced on the faith of the note, with his signature thereon. Concede that it was a contract of suretyship, it follows conclusively that it was not a contract of indorsement, upon which, as preliminary to the defendant’s liability, there should have been a demand of payment of the makers, and notice of such demand and refusal to the defendant, as was observed by the court in Griswold v. Slocum, supra. The reason why this is not the law in regard to paper not negotiable, is to prevent an entire failure of justice. TJt res magis valeat, quam pereat. Not being liable as indorser, if he cannot be held responsible as maker or guarantor, the party escapes all accountability on his contract. The distinction in this respect, between paper negotiable and not negotiable, has been plainly recognized, and is now.well established. All the conflict of authority has been *55 in regard to negotiable paper. There has been no conflict in regard to paper not negotiable.
In the present case it cannot be. said, that in holding this defendant accountable upon the contract he has entered into, the court is making lor him a different contract than that made by himself. He certainly did not make a contract of indorsement which only requires as a condition precedent to his liability, a demand of the maker for jiayment, and notice of such demand and refusal, to the defendant, as indorser. He certainly entered into some contract wich the plaintiff’s testator. What was that contract ? It is believed that it has been
satisfactorily shown to be a contract of guaranty, or that of an absolute promise to pay as one of the makers of the note, in which aspect we regard it. The defendant’s liability to pay is unquestionable, and therefore the judgment against him was correct, and should be affirmed.
A majority of the judges concurred.
Judgment affirmed, with costs.