# N. Y. SUPERIOR COURT.

WILLIAM PAINE agt. CHARLES D. J. NOELKE and ROBERT NOELKE.

*Complaint — Demurrer — Non-negotiable note.*

One who indorses his name on a *non-negotiable promissory note*, before its delivery by the maker to the payee, is, in effect, himself a maker of the note; and his name, equally with that of the maker who subscribes it, imports an absolute liability for its payment at maturity.

Where it appears from the complaint that one of the two defendants made the note in suit in favor, but not to the order, of the plaintiff, the payee therein named, that the other defendant indorsed it, and that it was thereupon delivered to the plaintiff:

*Held,* that these averments, taken together, must be deemed equivalent to an allegation that the two defendants made the promissory note, and that both are jointly liable as makers thereof.

Although not negotiable, the instrument is a promissory note, and, as such, imports a consideration, though none is expressed. Want of consideration is matter of defense.

*Special Term, June,* 1877.

DEMURRER to complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint was in substance as follows:

The plaintiff above named complains of the defendants above named, by C. Edgar Smith, his attorney, and respectfully states to this court:

I. That on the first day of June, 1874, at Bergen, in the state of New Jersey, the defendant Charles D. J. Noelke made his certain promissory note in writing, dated on that day, and thereby promised to pay to the plaintiff the sum of

$1,000, with interest, payable semi-annually, one year from said date.

II. That the defendant R. Noelke indorsed said note when said Charles D. J. Noelke delivered the same to the plaintiff.

III. That said note at maturity was duly presented for payment to the said Charles D. J. Noelke, but was not paid, of all of which due notice was given to the defendant R. Noelke.

IV. That no part of said note has been paid, except the sum of three dollars, paid on the 17th day of June, 1876 ; and the sum of three dollars, paid on the 24th day of June, 1876 ; and the sum of six dollars, paid on the 15th day of July, 1876 ; and the sum of three dollars, paid on the 22d day of July, 1876, amounting to the sum of fifteen dollars.

Wherefore plaintiff demands judgment, &c.

*C. E. Smith*, attorney for plaintiff.

*James Wiley*, attorney for defendant; *H. C. Anderson*, of counsel.

SANFORD, *J.*— One who indorses his name on a *non-negotiable promissory note*, before its delivery by the maker to the payee, is, in effect, himself a maker of the note ; and his name, equally with that of the maker who subscribes it, imports an absolute liability for its payment at maturity. He is presumed, in law, to have thus affixed his signature for the purpose and with the intent of charging himself with liability, in order to give credit to the instrument in the hands of the payee, or of any subsequent holder deriving title from the payee. His contract is not that of an indorser, because the note is not payable to him, and is not negotiable by his indorsement. A different obligation is, therefore, to be inferred — "*ut res magis valeat quam pereat.*" Such obligation must, of necessity, be either that of maker or guarantor, and the better opinion seems to be that the con-

Paine agt. Noelke.

tract should be construed as an absolute promise to pay as a maker of the note (*Richards* agt. *Waring*, 39 *Barb.*, 42; *affirmed*, 1 *Keyes*, 576). Inasmuch, therefore, as it appears from the complaint that one of the two defendants made the note in suit in favor, but not to the order, of the plaintiff, the payee therein named; that the other defendant indorsed it, and that it was thereupon delivered to the plaintiff; and, inasmuch as such an indorsement before delivery imports the liability of a maker, these averments, taken together, must be deemed equivalent to an allegation that the two defendants made the promissory note, and that both are jointly liable as makers thereof. Although not negotiable, the instrument is a promissory note, and, as such, imports a consideration, though none is expressed. Want of consideration is matter of defense.

The non-negotiable character of the note in suit distinguishes this case from *Murphy* agt. *Merchants* (14 *How. Pr. Rep.*, 189), *Smith* agt. *Smith* (37 *N. Y. Super. Ct.*, 203), *Coulter* agt. *Richmond* (59 *N. Y.*, 478) and from *Draper* agt. *The Chase Manufacturing Company* (2 *Abb.* [*N. C.*], 79).

The demurrer must be overruled, and judgment rendered in favor of the plaintiff thereon, but with liberty to the defendant to answer, upon payment of costs, within twenty days.