## Needhams *vs* Page.

### APPEAL FROM THE JEFFERSON CIRCUIT.

*Blank assignments.    Guaranty.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

COVENANT.

*Case* 124.

*May* 23.

IN October, 1840, Needhams sued Page in covenant, on the following guaranty: "I guaranty and go security for the payment of the within, October 15, 1839," signed "Sam'l. K. Page," which was indorsed upon a note of $100, executed by Paul C. Tillay to the plaintiffs, on the 15th of October, 1839, negotiable and payable in four months, at the Mechanics Savings Institution of Louisville.

The case stated.

The defendant pleaded *non est factum,* and no consideration. On the trial the plaintiffs proved the note and read it to the jury, and also proved that the signature under the guaranty was the genuine signature of Sam'l. K. Page; the defendant proved that he indorsed said note in blank, and that the guaranty over his name was written out just before the suit was commenced, without his knowledge. This being all the evidence, the Court, at the instance of the defendant, instructed the jury to find as in case of a non-suit, which they did, and judgment having been rendered thereon, the case is brought up to this Court.

Though the instruction is not technically correct, as evidence was given on both sides, yet if, upon the proof, the Court might have instructed the jury to find for the defendant upon their belief of all the proof given, the technical error in the form of the instruction is not an available ground for reversal. And we think the instruction to find for the defendant, would have been proper,

A blank indorse-
ment on a prom-
issory note or
negotiable in-
strument, is an
authority for the
holder to write
on it an ordinary
assignment to
pass the title to
the note, but not
to write over it a
guaranty.

and that the jury should have so found without such in-struction.

Admitting that the name of the defendant was indorsed for some purpose, and should not be deemed an idle act, done without object or motive, yet as it may have been made as an accommodation indorser, with a view to give currency to the note or to have it discounted at the institution where it is made payable, upon the plaintiffs, the payees, indorsing their names above that of the defendants; or may have been made with a view to guaranty the payment of the note to the payees, upon the faith of the consideration passing from them to the payor—and it does not appear whether the one or the other object was intended—in the absence of all proof as to the object intended, or the motive or consideration upon which the indorsement was made, an authority to write over the name of the indorser, a guaranty of the debt secured by the note, will not be implied. Such an indorsement, since the decision in the case of *Russell* vs *Langstaff*, (*Douglass*, 514,) it is true is a letter of credit for an indefinite sum, which will authorize a blank note to be filled up, and an assignment to be made imposing the usual responsibility upon the indorser, but cannot imply an authority to fill up the blank indorsement with a guaranty for the debt, without any proof that it was made for that object, and in pursuance of the original transaction, or upon a new and valid consideration. And the more especially should such authority not be implied without such proof under our statute, which raises such guarantys to the dignity of covenants, and imposes upon ordinary indorsers responsibility only, upon the terms of first prosecuting the payor in the note to insolvency, and that with due diligence.

We are not prepared to carry the principle of responsibility against such indorsers further than it was carried by this Court in the case of *Irwin* vs *Miller*.

We are sustained in the conclusion to which we have come, in the case under consideration, by the decision in the case of *Hurick* vs *J. V. Corman*, (12 *John. Rep.* 159,) also by the principles settled in the cases of *Josselyn* vs *Ames*, (3 *Mass. Rep.* 274;) *Huet, administrator* vs

*Adams,* (5 *Mass. Rep.* 359 ;) *Ulen* vs *Ketridge,* (7 *Mass. Rep.* 233 ;) *White* vs *Howland,* (9 *Mass. Rep.* 301 ;) *Mies* vs *Bird,* (11 *Same,* 436 ;) *Turney* vs *Prince,* (4 *Pickering's Rep.* 385;) *Sumner* vs *Gay,* (*Same,* 311.) And so far as the Court, in those cases, may seem to depart from, and go beyond the principles settled in this case, we cannot give sanction to it, as applicable to promissory notes and indorsements on the same in this State.

Judgment affirmed with costs.

*Fry & Page* for appellants: *Guthrie* for defendant.