## B. BOWEN & SON v. JOSEPHUS MARTIN et al.

Bills and Notes — Obligor — Indorsee — Written Contract — Final Agreement — Fraud and Mistake.

1. A. executes and delivers to C. a note made payable to B. and by B. indorsed in blank. As A. executed the note as obligor, he alone can be held liable as such. The indorsers occupy a different position to him, and the obligation they assumed was altogether different from that of the obligor.

2. The general rule is that, when parties have entered into a. written contract, that is taken as the evidence of their final agreement, and no liability inconsistent with the writing can be proven in the absence of fraud or mistake.

3. Where no exceptions are taken to the ruling of the court in rejecting the deposition of a witness, even though the court erred, the error must be deemed waived.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 19, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by appellants in the court below against Gheens, surviving partner of Halbert & Co., the executrix of Halbert, the deceased partner, and Joseph Martin, upon a note executed 24th of January, 1861, payable ninety days after date to the order of M. Halbert & Co., for $8,000, negotiable and payable at the

Bank of Kentucky, indorsed in blank by Halbert & Co., and delivered to appellants.

It is alleged in the petition that the note was executed by Martin to Halbert & Co. with an understanding by and between the said defendants and one Perril, who was the agent for appellants, that the same was to be indorsed by said Halbert & Co., and be received by their said agent, Perril, in consideration of a lot of whiskey sold and delivered by them to defendant Martin at the instance and request of Halbert & Co. That the whiskey was so delivered on the credit of said Halbert & Co., who were to indorse said note to appellants, and who did indorse the same and delivered it to appellants whereby they became the owners thereof. That there was an understanding between their said agent and Halbert & Co. that they were bound to pay off said note at its maturity. That the note was presented when due at the bank where it was made payable for payment, and it was regularly protested for nonpayment, neither the maker nor the indorsers having any funds in said bank with which to pay the same.

It is further alleged in the petition that plaintiffs " Believe that M. Halbert & Co. were to pay said debt, and that this was the understanding of all concerned before their said agent Perril delivered to Martin the whiskey and received of said Halbert & Co. the note with the said indorsement thereon," allege the nonpayment of the note and pray for judgment against the maker and indorsers.

The action was commenced the 21st of November, 1865.

The defendants below demurred to the petition, the demurrer was overruled, and Gheens, the surviving partner of Halbert & Co., filed an answer admitting the indorsement of the note by the late firm of Halbert & Co., but denies all agreements or promises to pay otherwise than as evidenced by said indorsement, and avers that if the note should have been discounted by the bank they were to be held liable as indorsers of said note, and if not so discounted they were only liable as assignors, and concludes by a denial that he, or his late firm, were in any manner bound for said debt. The personal representative denies all the allegations of the petition except the assignment of the note by the late firm of Halbert & Co. On final hearing exceptions to the deposition of Walston were sustained and the petition dismissed, and plaintiffs below have appealed.

The indorsement is in blank, and the allegations of the petition are in substance that there was an "*understanding*," or it may be an agreement that Halbert & Co. were to pay off said note when it matured. But that averment is inconsistent with the writing. Martin executed the note as obligor, and alone can be held liable as such. The names of Halbert & Co. occupy a different position, and the legal inference is that the obligation they intended to assume was altogether different from that of the obligor.

The general rule is that, when parties have entered into a written contract, that is taken as the evidence of their final agreement, and no liability inconsistent with the writing can be proved in the absence of fraud or mistake. Needhams v. Page, 3 B. Mon. 466; Kellogg, etc., 'v. Dunn, etc., 2 Metc. 215. The facts alleged were not sufficient to maintain the action against Gheens' and Halbert's executrix.

No exceptions were taken to the ruling of the court in rejecting the deposition of Walston, so that, even if the court erred, the error must be deemed as waived, but, in looking into the deposition which has been improperly copied in the record, we see no error in the ruling of the court on that point.

The obligor Martin was sued by the name of *Joseph* Martin, the signature to the note is *Jos.* Martin, and the officer returns on the summons that he executed it on Josephus Martin. It is true that *Jos.* may be a contraction for Joseph or Josephus, and for both, but they are not the same names, and it does not seem, in the absence of any appearance to the action by Martin, that the court could judicially know, or properly assume, without evidence, that the individual upon whom the summons was executed was the same against whom the action was brought, or who executed the note. If there was any error in setting forth the name in the petition, or in the officer in making the return, the error could and should have been corrected in the court below, which could have been done by amending the petition, or by suing out an alias summons if in fact the summons was executed on a wrong person, and, as the judgment as it now stands might be a bar to a subsequent action on the note against Martin, who executed it, the action should not have been dismissed as to Martin; wherefore, the judgment as to him is reversed, and the cause remanded, with directions to permit appellants to amend their petition, or to sue out

another summons, if they should offer to do so in reasonable time, and for further proceedings not inconsistent herewith.

*English & Hoke,* for appellants.

*Wilson & Barr,* for appellees.