BENJAMIN B. STRONG, RESPONDENT, *v.* LOUISA A. SHEFFIELD, APPELLANT, IMPLEADED WITH ANOTHER, DEFENDANT.

*Bills and notes — action by a payee against a subsequent indorser — when it may be maintained — consideration — old debt.*

Benjamin B. Strong began an action against Gerardus R. Sheffield, as maker, and Louisa A. Sheffield, as indorser, of the following promissory note:

" $400.                                            NEW YORK, *July* 1st, 1889.

"On demand I promise to pay to the order of Benjamin B. Strong four hundred dollars, with interest, at New Rochelle, value received.

                                                        "G. R. SHEFFIELD."

The note was given for a pre-existing debt of Gerardus R. Sheffield to Strong, evidenced by a due bill, and was indorsed by Louisa A. Sheffield before it was delivered to Strong.

When Louisa A. Sheffield indorsed the note she received no consideration therefor, nor was there any agreement by Strong to extend the time of payment of the original debt, and it did not appear that the due bill was surrendered

Upon the trial the plaintiff recovered judgment, on an appeal from which it was, *Held,* that the judgment was improper.

*Semble,* that the note was non-negotiable, and that no person could be held liable as indorser of such a note.

That, if negotiable, Louisa R. Sheffield was, as to Strong, a subsequent indorser, and, therefore, he could not recover against her.

That, in the cases where a payee has been allowed to recover against an indorser, upon the ground that the indorsement was made to give the maker credit with the payee, the complaint must set out the facts; and that, upon the facts of this case, no recovery on that ground could be sustained.

That there was no consideration for the note, and none for the indorsement of Louisa Sheffield; and that, regarding the note as non-negotiable, there was no consideration for her promise as a guarantor. (BARNARD, P. J., dissenting.)

APPEAL by the defendant Louisa A. Sheffield from a judgment of the Westchester County Court, entered in the office of the clerk of the county of Westchester on the 23d day of December, 1891, upon a verdict for the plaintiff for $432.80, after a trial in the Westchester County Court before the court and a jury; and also from an order of said court, entered in said clerk's office on the 12th day of December, 1891, denying the defendant's motion for a new trial.

The action was brought by the plaintiff, as payee and holder, upon a promissory note made by Gerardus R. Sheffield, and indorsed by his wife, Louisa A. Sheffield, the appellant, whose indorsement the evidence tended to show was made before the note was delivered. The complaint was drawn in the ordinary form and with the allegations usually employed in an action against the maker and indorser of a note.

*Martin J. Keogh,* for the appellant.

*Cornelius E. Kene,* for the respondent.

DYKMAN, J.:

This action was commenced against the maker and indorser of a promissory note in these words and figures:

" $400.                              NEW YORK, *July* 1st, 1889.

" On demand I promise to pay to the order of Benjamin B. Strong four hundred dollars with interest, at New Rochelle, N. Y., value received.                                      " G. R. SHEFFIELD."

The defendants are husband and wife, and the note was indorsed by Mrs. Sheffield, but it does not appear in the record how it was indorsed. The husband answered at first, but subsequently withdrew his answer, and the case proceeded against the wife alone. The action was commenced in the County Court of Westchester county and tried there, and the plaintiff obtained a verdict there. From the judgment entered upon the verdict, and the order denying a motion for a new trial upon the minutes of the court, the defendant Louisa A. Sheffield has appealed to this court. As we have seen from the form of the note it is payable on demand to the order of the plaintiff and is non-negotiable.

It is to be observed at the outset that this action is against the maker and indorser of a promissory note, and is based upon that instrument solely, and is brought by the payee named in the paper. He states no facts in his complaint, except such as relate to the paper alone, and sets up no facts which impose any liability upon the parties, except such as arises from the simple act of making and indorsing the paper. He claims to occupy no relation to the appellant, except such as arises from her indorsement, and demands no relief, except what the law affords to the holder of a negotiable promissory note against an indorser thereof.

Even if the paper in suit was negotiable the action would fail. The note is payable to the plaintiff, and as to him the appellant occupies the position of second indorser. It is antagonistic to the principles of commercial law, which have always prevailed in relation to negotiable paper, to make a subsequent indorser liable to a preceding one. The settled rule of law is exactly the reverse, and upon the face of this note, if negotiable, the plaintiff would be liable to the appellant. (*Bacon* v. *Burnham*, 37 N. Y., 614; *Coulter* v. *Richmond*, 59 id., 478.)

It is a fundamental principle of the law relating to commercial paper that no person can be held responsible as an indorser of a non-negotiable promissory note. (*Roe* v. *Hallett*, 34 Hun, 128; *Gris-*

*wold* v. *Slocum*, 10 Barb., 402.) And the rule applies with augmented force where, as here, the note is payable to the holder, because there is no possibility of raising the ordinary obligation of an indorser.

There are adjudicated cases of which *Moore* v. *Cross* (23 Barb., 534), and *Meyer* v. *Hibsher* (47 N. Y., 268), are examples, where recoveries have been permitted in favor of the original payee upon notes payable to the order of the plaintiff and indorsed by third parties under an agreement to become security for the maker and for the purpose of securing for him a credit. But such recoveries have been under complaints which set out all the facts, and made an action analogous to the old action on the case in which the theory was that justice was to be administered according to the substantial rights of the parties.

It must be borne in mind, however, that such a course can only be adopted and such remedy be obtained against a party who has indorsed the note to procure a credit for the maker with the payee, and we shall presently see that this note was indorsed under no such agreement or circumstances, and for no such purpose.

It may be remarked in passing that the county judge in his charge to the jury made some effort in that direction. He left it to the jury to find whether the appellant indorsed this note in question, to induce the plaintiff to extend the time of payment of the antecedent debt of $400 due from her husband to him. But the effort was erroneous and unjustified either by the complaint or the evidence. There is not a word of testimony in the case respecting any extension of the time of payment of the original indebtedness.

The origin of this note, according to the testimony of the plaintiff, which was not contradicted, was this: He said he transferred his stationery business to the husband of the appellant for $700, received $300 in cash and a due bill for the remainder of $400, upon which he paid interest down to the date of this note. That he finally told the husband he must have some security for the money, and that he must give him a note with some good indorser as security, and when the husband asked him who he wanted for an indorser he said he wanted his wife Louisa. The husband said he could not do that because his wife was in business now in her own name, and if her creditors ascertained that she was indorsing notes it would injure

her credit, and might injure her business. Thereupon he told the husband if he would give a note with his wife's indorsement as further security for what he owed him he would give him his word as a man, and an affidavit that he would not pay the note away, and would not place it in any bank, but would hold it until he wanted the money.

He further said that in a few days he saw the husband who told him to draw up a note and Louisa would indorse it. That he drew up a note and gave it to him, and he took it away and brought back this note and said the other did not exactly suit his wife, and he drew up this one, and he promised again to retain it until he wanted the money.

It thus appears that this note was given for the pre-existing debt of the husband to the payee, that there was no stipulation for any extension of credit, and this note did not even suspend the right to sue, for it was payable on demand, and an action could have been commenced upon it or upon the old note at any time.

This examination has been sufficient to show that no recovery can be sustained against this appellant, but it will be incomplete without examination of another class of cases in which it has been held that a person who writes his name on the back of a non-negotiable note can be held as a maker or guarantor.

In the case of *McMullen* v. *Rafferty* (89 N. Y., 458), Judge EARL, in writing the opinion of the court, said this: "As these were non-negotiable notes, the defendant did not, in a commercial sense, become an indorser of them with the rights and liabilities of a simple indorser. But he can be held as a maker of the notes, or as a guarantor of their payment," and cites the case of *Cromwell* v. *Hewitt* (40 N. Y., 491), for his authority.

Turning to the latter case, we find that the action was brought to charge the defendant as the guarantor of two non-negotiable notes made by William Ryan payable to Richard Hewitt, and indorsed by James R. Hewitt and Richard Hewitt. James R. Hewitt was originally made a defendant, but the action was discontinued, as to him, before the trial. One of the plaintiffs testified that James R. Hewitt, the defendant, was indebted to them, and it was understood between them, when these notes were passed over by him in pay-

ment to him, that they were taken solely upon his responsibility, and that he assured them the notes should be paid.

The action, therefore, was against the payee in the notes, who had indorsed them over to the plaintiffs in payment of his indebtedness to them, and the complaint was framed to charge him as the guarantor of the notes. That case does not aid the plaintiff here.

In the case of *Jaffrey* v. *Brown* (74 N. Y., 394), the note was given by the maker to the plaintiffs for goods sold to him by them, and was payable to their order; they subsequently called upon him for further security for his debt, and redelivered the note to him to procure an indorser, and he procured the indorsement of the defendant, Maria Brown, upon the note.

In that case the note was given for the goods, and in that respect differs from this. But the court, in answer to the contention that there was no consideration for the indorsement because the goods for which the note was given had been delivered without promise of security before the indorsement was demanded, said: " Even if it be conceded that a debtor cannot voluntarily give additional security to his creditors for a subsisting indebtedness, the further fact exists in this case that the creditor claimed that he had been defrauded in the sale, and threatened to, and was about to reclaim his goods unless further security was given, and that, in consideration of the indorsement in question, he relinquished that remedy, and the purchaser averted the breaking up of his business which would have ensued." To the same effect is *Griswold* v. *Slocum* (10 Barb., 402).

These examples might be easily multiplied, but our object is only to show that the principles upon which they proceed can have no application to this case.

There was no consideration for the indorsement of the appellant, and if she had written a guarantee of payment over her signature, it would have been void for want of consideration. It may be stated as a general rule that if the original debt or obligation is already incurred or undertaken previous to the collateral undertaking, then there must be a new and distinct consideration to sustain a guarantee. There is, in fact, no consideration either for the note or the indorsement. It was given as security for the old note, and it does not appear that that note was surrendered. At all events there is

nothing in this case to show that the appellant ever intended to assume any responsibility, except that of a second indorser of a promissory note, and, therefore, no other or further liability can be imposed upon her.

In the case of *Hall* v. *Newcomb* (7 Hill, 418) the chancellor said the courts had gone quite far enough in repealing the statute to prevent frauds and perjuries by introducing parol evidence to charge a mere surety for the principal debtor by showing that his written agreement means something beyond what, upon its face, it purports to mean. In the same case Senator Bockee characterizes the contrivances to which resort had been had to impose liability upon indorsers of paper as a sort of *finesse* and shuffling game below the dignity of the law, and then says : " We must take this contract as the parties left it, complete and perfected when the note was delivered to Hall, and we have no right to ask him to resort to practices bordering on trick and deception for the purpose of changing the character and liability of the parties."

Courts of justice cannot become resorts for the reparation of blunders. If contracts are not made in conformity with law, the courts cannot complete or vary them by ascription or legalize them by construction. Intentions cannot be attributed to parties which they have not entertained or expressed. There should be no relaxation of the elemental and salutary rule of, law which prohibits the variation of written instruments by parol testimony.

The rights of makers and indorsers of promissory notes are well defined. Those instruments are drawn in different forms with reference to the law as settled in relation to each, and with relation to the liabilities which the different parties design to assume. If they are so drawn and executed as to fail in the accomplishment of the purpose intended by some of the parties, the law is powerless without a reformation of the instrument.

Applied to this case these remarks are designed to manifest the impropriety of holding the appellant responsible in any character or manner beyond that signified by the act of writing her name on the back of the note in suit. The legitimate inference from that act is, that she intended to become liable as the second indorser of the note, and, as she cannot be held responsible in that capacity, her intention is frustrated and she escapes liability. Such results are not

uncommon. Persons who promise by parol to answer for the debt of another intend to incur responsibility, but the law will not enforce the promise.

In no view can the appellant be made responsible upon this note, and the judgment and order denying the motion for a new trial should be reversed and a new trial ordered, with costs to abide the event.

PRATT, J., concurred; BARNARD, P. J., dissented.

Judgment reversed and new trial ordered, costs to abide event.