John McPhillips, Jr., Respondent, *v.* John H. Jones, Appellant.

*Promissory note — relation between the payee and indorser — liability of an indorser to the payee, not as indorser, but as surety for the maker.*

The contract which the law makes for the indorser of a promissory note is with the subsequent indorsers ; he cannot be made liable, as indorser to prior parties, including the payee.

When a third party indorses a note before it is indorsed by the payee, the presumption that he intended to become liable as second indorser only, knowing that his indorsement would be nugatory until the payee should indorse the note, is, however, *prima facie* only, and may be rebutted by proof, under a sufficient complaint, that the indorsement was made under an agreement to become security for the maker for the payment of the note, and to give the maker credit with the payee; and, in such case, a recovery on the note may be permitted in favor of the original payee or his assignee, against such indorser.

APPEAL by the defendant, John H. Jones, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 17th day of April, 1893, upon the report of a referee.

*Wm. Douglas Moore*, for the appellant.

*Roger M. Sherman*, for the respondent.

DYKMAN, J. :

This is an appeal from a judgment entered upon the report of a referee.

The action was brought on a promissory note, of which this is the form :

"NEW YORK, *August 25th*, 1890.

"One year after date I promise to pay to the order of John McPhillips, one hundred and twenty-five dollars, with interest, at 121 and 125 East 22nd street, N. Y. City. Value received.

"W. H. DUNN.

"Due 8, 28, '91."

The note was indorsed by John H. Jones, the defendant. Before the commencement of this action the instrument was assigned to the plaintiff.

The referee held the defendant liable as an indorser of the note, upon his obligation as such, and that was erroneous. The defend-

ant cannot be made liable as an indorser simply. In this connection it must be borne in mind that the note is payable to John McPhillips, and while it was assigned to the plaintiff, as we have already stated, yet he assumes the same position in respect to the indorser as that occupied by the original payee.

The defendant, therefore, sustains the attitude of a second indorser, and it would be violative of the legal principles which have always prevailed in relation to commercial paper to allow a preceding indorser to recover against one subsequent. An indorser can never sue his indorsee. (*Strong* v. *Sheffield*, 66 Hun, 350.)

The defendant knew, as we must assume, that his indorsement would be nugatory until the note was indorsed by the payee (*Herrick* v. *Carman*, 12 Johns. 160), and when he made his indorsement he became the second indorser, and that assumed that he would have the responsibility of the payee before him as the first indorser.

The fact that the note was unindorsed when he wrote his name on the back was immaterial. (*Bacon* v. *Burnham*, 37 N. Y. 614; *Coulter* v. *Richmond*, 59 id. 480; *Phelps* v. *Vischer*, 50 id. 69.)

So we have the concurrence of authority, coinciding with principle, that the contract which the law makes for the indorser of a promissory note is with the subsequent indorsers, and that he cannot be made liable to prior parties.

Subsequent indorsers of a promissory note are not liable to previous ones. The liability of all parties is from the maker downwards.

So much has been written to show that the decision of the referee was placed upon untenable grounds, but yet we find in the record a meritorious cause of action in favor of the plaintiff against the defendant.

The evidence of the intention of the defendant, as measured from the instrument in question, that he was to become liable only as second indorser, is *prima facie* only, and the presumption may be rebutted by proof that the indorsement was made to give the maker credit with the payee. (*Coulter* v. *Richmond*, 59 N. Y. 478.)

Therefore, a recovery may be permitted in favor of the original payee of a promissory note against an indorser who indorsed a paper under an agreement to become surety for the maker and for the purpose of securing credit for him. (*Moore* v. *Cross*, 23 Barb. 534; *Meyer* v. *Hibsher*, 47 N. Y. 268; *Coulter* v. *Richmond*, *supra*.)

Yet such a recovery can only be had under a complaint which sets out sufficient facts to permit the proof. We must, therefore, examine the record and see if we have such a case before us. The plaintiff, after setting out the making and delivery of the promissory note and giving a copy thereof, and stating the demand and refusal of payment, states that it was by and between said Dunn, the maker, and said defendant, at and prior to the delivery of the instrument, agreed that the said defendant should pay said obligation, and that said Dunn should not be liable therefor, and should make no contribution thereto or thereupon to said Jones, and that said Jones should have no recourse to said Dunn thereupon, but that the proceeds thereof should be and the same were paid to and upon the order of said defendant, for his sole benefit.

Then there is a further allegation, that the plaintiff on the day of the date of the note loaned to the defendant the sum of twenty-five dollars, which he promised to pay in one year.

Upon the trial, John McPhillips, the payee of the note, testified that when the note was made, Dunn, the maker, owed him twenty-five dollars, and wanted a little more money, and that he understood Jones owed Dunn money. That Dunn said in the presence of Jones that he had $125 of his; that he, McPhillips, gave Dunn $125 on the note, the twenty-five dollars he owed him and $100 in cash.

Dunn, the maker, testified that Jones, the defendant, owed him $125 at the time of the making of the note. That he then owed McPhillips, the payee, some money, for which the latter held a note; that when McPhillips wanted the money, he told him he would make arrangements for it; that thereupon he applied to Jones, the defendant, for some of the money he owed him, and Jones told him he could not pay it just then, and thereupon Dunn told him he (Dunn) could obtain the money by Jones indorsing the note.

The defendant, upon his examination as a witness, testified: "Mr. Dunn asked me for some money that he wanted to use at home; he said, 'If you haven't got it, I can get it from John McPhillips, if you will indorse my note.' He made out the note and I indorsed it." The complaint was sufficiently comprehensive to admit the foregoing testimony, and the evidence is sufficient to show that the defendant indorsed the note in question under an agreement to become security for the maker for the payment of the

money, and to give the maker credit with the payee of the note. The plaintiff, therefore, as the assignee of the note, has a meritorious cause of action against the defendant upon all the facts of the case.

He is not held upon the implied contract of an indorser, but upon his agreement to become security, and thus secure a credit for the maker. His indorsement is the consummation of the contract. Justice is, therefore, wrought out by the judgment, and it should not be reversed because an erroneous reason was assigned for its rendition, nor because it was placed upon untenable grounds.

The judgment should be affirmed, with costs.

´ BARNARD, P. J., concurred; PRATT, J., concurred in the result.

Judgment affirmed, with costs.