ELIZABETH HOLZ, Respondent, *v.* WOODSIDE BREWING COMPANY and Others, Defendants; CHARLES M. HARTMANN and Another, Appellants. Action No. 1.

Same *v.* Same. Action No. 2.

*Bills and notes — order of liability of indorsers.*

It has always been a principle of commercial law that indorsers of promissory notes become liable by their indorsements in the order of the appearance of their names upon the back of the paper, the person to whose order the paper was payable being considered as the first indorser and the maker being liable to all the indorsers.

Lawful obligations are incurred by the voluntary assumption of legal liability. They may be either expressed or implied. A person may write his name upon a note in silence, and then the liability which he incurs is implied from the position his name occupies on the paper. He is presumed to have placed his name thereon intending to assume the responsibility which the law attaches to the position of his name thereon, and it is beyond the power of the law or the courts to augment or diminish the burden he assumes.

When a person indorses a promissory note which contains in its body the name of another as payee he incurs the liability of a second indorser, such being the implication of the law from the position of his name, but such presumption may be overcome by proof of a different intention.

APPEAL by the defendants, Charles M. Hartmann and another, in the first above-entitled action from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of March, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit.

Also, an appeal by the defendants, Charles M. Hartmann and another, in the second above-entitled action from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 18th day of April, 1894,

upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit.

*M. Hallheimer*, for Hartmann and Zeydel, appellants.

*Joseph A. Burr*, for the respondent.

DYKMAN, J.:

These two suits are brought upon promissory notes made by the Woodside Brewing Company, payable to the order of the plaintiff, for $1,000, and indorsed by the four other defendants.

Both notes bear the same date and are alike in all respects except the time of payment. The note in action No. 1 was payable in one year and the note in action No. 2 was payable in fifteen months.

The complaint in both actions averred that the note was indorsed by the four defendants for the purpose of obtaining credit for the maker upon the note, and the proof upon the trial fully sustained the allegations.

A verdict was directed by the trial judge in favor of the plaintiff in both cases, and two of the indorsers have appealed from the judgment entered in both cases.

Much learning has been displayed in the consideration of the liability by the indorsers of promissory notes made in form like the notes upon which these suits are prosecuted.

It was ever a principle of commercial law that indorsers of promissory notes became liable upon their indorsements in the order of the appearance of their names upon the back of the paper, the person to whose order the paper was payable being considered as the first indorser and the maker being liable to all the indorsers.

The earlier cases in this State, where notes like these fell under the consideration of the Supreme Court, evince an effort to hold the indorsers liable in a character which they did not assume and to an extent which the form of the paper did not justify. Commencing with the case of *Herrick* v. *Carman* (12 Johns. 160), such indorsements were treated as guaranties and such indorsers were treated as guarantors or makers, until the case of *Hall* v. *Newcomb* (3 Hill, 233 ; 7 id. 416), where the principle was declared erroneous and the previous cases were overthrown.

Since that time the decisions have been in harmony with the principles which underlie the relative obligations of the different parties to promissory notes, and the contract which the law writes over the name of every person who places his name upon such paper.

Lawful obligations are incurred by the voluntary assumption of legal liability. They may be either expressed or implied. A person may write his name upon a note in silence, and then the liability which he incurs is implied from the position his name occupies upon the paper.

He is presumed to place his name with reference to the responsibility which the law attaches to the position, and it is beyond the dominion of the law or the courts to augment or diminish the burden he assumes.

When, therefore, a person indorses a promissory note which contains in its body the name of another as payee, he incurs the liability of a second indorser, because that is the implication of the law from the position of his name, and no other or greater liability can be imposed upon him. Our views upon that subject are expressed quite fully in the case of *Strong* v. *Sheffield* (66 Hun, 349).

If, therefore, the liability of the indorsers and the rights of the plaintiff were measured by the note alone, she could not recover against them, because their names would appear subsequent to her name on the note if it was placed in its regular order, in blank thereon, and, by paying the note, either of the indorsers could demand payment from her upon her previous indorsement.

Such is the effect of the decisions in the cases which are quoted upon the brief of the appellants.

But the proof introduced by the plaintiff has removed this case from the domain of such decisions.

The action was brought by the plaintiff, as holder of the paper in question, and the production of the note was *prima facie* evidence of her title thereto, but it became necessary for her to repel the inference arising from the form of the note. To meet that necessity proof was introduced to show that neither of the indorsers could maintain an action against the plaintiff as first indorser.

That proof was made by proving that the notes in suit were given to retire a note of $5,000 made by the Woodside Brewing Company to the plaintiff, upon which an action was about to be commenced,

and to obtain an extension of the time of payment of the larger portion of that note, and to prevent the suit upon the same.

That a payment of $1,000 and the accrued interest was made in cash, and four notes, of which these in suit are two, were delivered to the plaintiff and accepted by her as a settlement, and that she thereupon delivered the old note to the attorney for the brewing company.

That evidence was sufficient to overcome the presumption which, as we have stated, would arise against the plaintiff from the form of the note, and to show that the indorsers were privy to the consideration between the maker of the note and the plaintiff, and never expected nor intended that the plaintiff should be responsible to them for the payment of the note in any event.

The evidence further showed that the defendants who indorsed the notes did so to secure a further credit for the brewing company, and the extension of the credit and the surrender of the old note was a sufficient consideration for the making and indorsement of the new notes.

The relation between the plaintiff and these indorsers is the same in legal effect as it would have been if the plaintiff had been an accommodation indorser for them. Moreover, had the plaintiff indorsed these notes without recourse to her, such indorsement would have carried out the intention of the parties, and then the notes would no longer yield a *prima facie* presumption of liability of the plaintiff to the other indorsers, as we have seen they otherwise did. (*Moore* v. *Cross*, 19 N. Y. 229.)

The foregoing views are sustained by the cases of *Coulter* v. *Richmond* (59 N. Y. 478); *Meyer* v. *Hibsher* (47 id. 268); *McPhillips* v. *Jones* (73 Hun, 516).

The judgment should be affirmed in both cases, with costs.

BROWN, P. J., concurred; CULLEN, J., not sitting.

Judgments affirmed, with costs.